## WALLER v. UNITED STATES.
### No. 10179.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 19, 1949.

Decided Jan. 16, 1950

Mr. Thomas H. Patterson, Washington, D. C., with whom Mr. Marcus Borchardt, Washington, D. C., was on the brief, for appellant.

Mr. Irving L. Axelrad, Special Assistant to the Attorney General, of the Bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Messrs. George Morris Fay, United States Attorney, Washington, D. C., Ellis N. Slack and Robert N. Anderson, Special Assistants to the Attorney General, were on the brief, for appellee. Mr. Joseph M. Howard, Assistant United States Attorney, Washington, D. C., also entered an appearance for appellee.

Before PRETTYMAN, FAHY, and BAZELON, Circuit Judges.

FAHY, Circuit Judge.

The question is whether the appellant is entitled to an exemption from federal income tax on his retirement pay. The facts are undisputed. Appellant was a commissioned officer of the Regular Corps of the United States Public Health Service. He was on active duty from March 14, 1914, to April 1, 1940, when he was retired at the age of 53 years for physical disabilities

previously incurred in line of duty. During the calendar years 1942, 1943 and 1944, he received pay from the United States on account of such retirement. He included the amounts in his individual income tax returns for the appropriate years and they were part of the income upon which his taxes were computed and paid. He duly demanded refund of the taxes attributable to this portion of his income, which was refused. He thereupon sued the United States in the District Court of the United States for the District of Columbia for the amount of such taxes, asserting jurisdiction under 28 U.S.C. § 41, par. 20 (1940) [New 28 U.S.C. § 1346, 28 U.S.C.A. § 1346]. The case was tried by the court without a jury. The court held against the claimed exemption and rendered judgment for the United States, from which appellant appeals.

In support of his position appellant makes two contentions. The first is composed of the following propositions: (a) Int.Rev. Code § 22(b) (5), 26 U.S.C.A. § 22(b) (5), excludes from gross income and exempts from federal income tax "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country;" (b) though his disability did not result from active service in the Armed Forces, this exemption applies to him since Section 9 of the Act of April 9, 1930, 46 Stat. 150 (1930), grants to Public Health Service officers "the same pay and allowances" received by "officers of corresponding grades of the Medical Corps of the Army," (c) officers of corresponding grade in the Medical Corps of the Army receive the exemption referred to, and accordingly, (d) appellant is entitled to the exemption, else he is denied "the same pay and allowances" as such officers. His second contention is that Int.Rev.Code § 22(b) (5) also authorizes exclusion from gross income and exempts from income tax "amounts received * * * under workmen's compensation acts, as compensation for personal injuries or sickness," and that his retirement is actually, or in the nature of, such workmen's compensation. We are unable to agree with either contention.

1. The exemption from gross income authorized by Int.Rev.Code § 22(b) (5), as amended, of "amounts received as a pension, annuity or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country" is not in and of itself applicable to appellant because his retirement pay does not stem from any service "in the armed forces." During all of the period of appellant's tenure the Public Health Service was in the civilian branch of the Government. See 33 Ops. Att'y Gen. 56 (1921). On June 21, 1945, by Executive Order 9575, 42 U.S.C.A. § 217 note, the President incorporated the Service into the Armed Forces of the United States effective July 29, 1945, pursuant to authority contained in Section 216 of the Public Health Service Act, 58 Stat. 690 (1944), 42 U.S.C.A. § 217 (1946), 42 U.S.C.A. § 217.

But this was five years after appellant's retirement. It is contended, nevertheless, that appellant is entitled to the exemption because Section 9 of the Act of April 9, 1930, 46 Stat. 150 (1930) grants to officers of the Public Health Service "the same pay and allowances" as are authorized for officers of corresponding grades of the Medical Corps of the Army. But the exemption referred to is not a part of the "pay and allowances" of Medical Corps officers. It is relief from a certain tax accountability on their part. While such an exemption will often affect the availability of pay for various uses to which it might be put, it is not the same as pay. When Congress fixes at the same level, as is here done by cross-reference, the pay of persons in two separate Government services, this does not carry to such persons the same tax exemptions as well. The absence of such intention is made clear by other statutory provisions revealing the legislative plan. Section 211(a), read with Section 212(a) and (b), of the Public Health Service Act effective July 1, 1944, 58 Stat. 688 (1944), 42 U.S.C. § 212(a) (1946), 42 U.S.C.A. § 212(a) and 58 Stat. 689 (1944), 42 U.S.C. § 213(a) (1946), 42 U.S.C.A. § 213(a) and (b), which codifies the laws relating to the Public Health Service, defines the benefits accruing to commissioned officers of

the Army which are accorded to Public Health Service officers. These include "exemption of certain pay from Federal income taxation." But these exemptions are expressly related to pay arising from (1) "active service performed while detailed for duty with the Army, Navy, or Coast Guard", (2) "active service outside the continental limits of the United States, or in Alaska, in time of war", and (3) "active service performed while the Service is part of the military forces of the United States pursuant to executive order of the President." [Sec. 212(b).] Appellant brings the retirement pay here involved within none of these conditions. Congress having thus specified the circumstances under which commissioned officers of the Public Health Service should be given exemption of certain pay from federal income taxation, it would not be proper for us to enlarge those circumstances by a strained construction of language having to do with the fixing of "pay and allowances" and not with the subject of exemptions.

A few separate views might be expressed as to the term "allowances." What has been said regarding the nature of "pay" in contrast with "exemption" is equally applicable. Allowances are, like "pay", of an affirmative nature without kinship to "exemption" except that both are beneficial to the recipient. Such a general kinship is not enough to give each the same meaning. The terms "exemptions" and "allowances" are not interchangeable and do not include one another. " * * * Allowances, as they are called, or emoluments as they were formerly termed, are indirect or contingent remunerations which may or may not be earned, and which is sometimes in the nature of compensation and sometimes in the nature of reimbursement." Sherburne's Case (Sherburne, Adm. v. United States), 1880, 16 Ct. Cl. 491, quoted approvingly in Jones v. United States, 1924, 60 Ct. Cl. 552. See also United States v. Mills, 1905, 197 U.S. 223, 227, 25 S.Ct. 434, 49 L.Ed. 732. Allowances, as used typically in respect to the Armed Forces and Veterans, refer to such things as subsistence, quarters, uniforms and pensions—benefits of one kind or another in addition to regular pay.

If otherwise there were doubt the particular enumeration in Section 212(a) (1) of the circumstances under which exemptions are authorized, referred to above, would preclude our holding that Congress intended this retirement pay to be exempt on the theory that the "allowances" of Medical Corps officers include by implication their exemptions.

2. Appellant's further ground of dissatisfaction with the decision below is that his retirement pay is excluded from gross income and exempt from taxation by that part of Int.Rev.Code § 22(b) (5), which so provides with respect to "amounts received * * * under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness." We would not be justified in assimilating pay for retirement due to disability to compensation for personal injuries or sickness under a Workmen's Compensation Act. Legislation of the latter character has a purpose of fixing and making certain the payment of some compensation for injury, free of the risks of litigation based on negligence. The amount of compensation depends upon the nature of the injury, which is translated into the degree of loss of earning power. Appellant, however, receives pay on retirement because of services previously performed and as part of a system for maintaining an efficient service. This is so notwithstanding that the occasion of appellant's retirement was disability rather than age, under the provisions of the statute which permits disability to accelerate the time of retirement in advance of the normal retirement age. The two types of legislation are not the same. Both have long been commonly known. Retirement pay is not known as workmen's compensation, nor is the latter known as the former. Had Congress intended to exempt retirement pay from taxation, it would not have left the effectuation of its intention to the dubious fate of rulings by administrators or courts that such pay is free of tax burden because workmen's compensation is expressly made so. If the language of exemption is sufficient-

ly broad or is expressive enough clearly to cover retirement pay we may not reject its inclusion within the exemption because of lack of explicit reference to such pay. On the other hand, we should not unreasonably stretch the language of exemption. "Exemptions from taxation are not to be enlarged by implication if doubts are nicely balanced." United States v. Stewart, 1940, 311 U.S. 60, 61 S.Ct. 102, 109, 85 L.Ed. 40. We do not mean to imply a nicely balanced situation here, for it is clear to us the exemption does not apply. But were it otherwise we should not resolve the doubt in favor of inclusion of the pay in the amount excluded from taxation. It should be left in the taxable income unless removed therefrom by language clearer than Congress has here used.

As authority for his second contention, appellant cites Frye et al. v. United States, D.C.1947, 72 F.Supp. 405, decided by the District Court of the United States for the District of Columbia. The question in that case was whether money received from the Policemen and Firemen's Relief Fund in the District of Columbia is exempt from federal income tax by virtue of Int.Rev. Code § 22 (b) (5) because it is in the na-ture of workmen's compensation. The court held in favor of the exemption. The legislative history of the Policemen and Firemen's Relief Fund shows that Congress intended the fund to be compensation for injuries incurred in line of duty.[1] The court leaned heavily on the legislative history indicating an intention to classify the fund as in the nature of workmen's compensation. In the present case the relevant legislation as a whole shows an intention not to grant the exemption. Congress has expressly exempted retirement pay for disability under certain conditions not applicable to appellant's case, 58 Stat. 668 (1944), 42 U.S.C. § 212(a) (1946), 42 U.S. C.A. § 212(a), and 58 Stat. 689 (1944), 42 U.S.C. § 213(a) and (6) (1946), 42 U.S. C.A. § 213(a) and (b). If Congress had considered retirement pay as such to be within the exemption of workmen's compensation granted by the Int.Rev.Code § 22(b) (5), the subsequent legislation would not only have been unnecessary but would be inconsistent with that intention.

The pattern of legislative history combines with the language of the statutes to deny the exemption.

Affirmed.

---

**1.** Federal Compensation Act, 39 Stat. 743 (1916), 5 U.S.C. § 751 (1946), 5 U.S.C.A. § 751; Civil Service Retirement Act, 41 Stat. 104 (1919), 5 U.S.C. § 794 (1946), 5 U.S.C.A. § 794.