GEORGE E. MURPHY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40120. Promulgated June 30, 1953.

*George E. Murphy, pro se.*
*Lester H. Salter, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies in income tax of $2,342.59 for 1947, $539.82 for 1948, $616.92 for 1949, and $705.26 for 1950. The issues for decision are whether $3,250 received each year by the petitioner from the Commonwealth of Massachusetts was exempt income under section 22(b) (5) and whether the gain from an exchange of 1 share of stock of T. F. Kelley Company, Inc., for 2 shares of stock of Lowell Liquor Mart, Inc., is not recognized because of some provision of section 112. The facts stipulated are adopted as findings of fact.

The petitioner filed returns for the taxable years with the collector of internal revenue for the district of Massachusetts.

The petitioner was employed by the Commonwealth of Massachusetts as first deputy auditor from April 16, 1931, to December 23, 1932, as comptroller from December 23, 1932, to December 24, 1940, and as deputy comptroller from December 24, 1940, to April 30, 1941, at which time he was retired from the service of the Commonwealth of Massachusetts under the provisions of its General Laws, chapter 32, section 57. He was then 42. The State surgeon who examined him stated that he should be retired because of arterial hypertension. Thereafter, he received $3,250 annually from Massachusetts.

Chapter 32 provides retirement systems and pensions for various state and municipal employees. Section 57 thereof provides:

A veteran who has been in the service of the commonwealth, or of any county, city, town or district thereof, for a total period of ten years, may, upon petition to the retiring authority, be retired, in the discretion of said authority, from active service, at one half the regular rate of compensation paid to him at the time of retirement, and payable from the same source, if he is found by said authority to have become incapacitated for active service; provided, that he has a total income from all sources, exclusive of such retirement allowance and of any sum received from the government of the United States as a pension for war service, not exceeding five hundred dollars.

Workmen's compensation is provided in Massachusetts General Laws, chapter 152.

The petitioner served in the Armed Forces of the United States in World War I.

The petitioner applied for retirement beginning April 30, 1941, at one-half his then compensation of $6,500 under section 57 of chapter 32, stating that he was a veteran, employed by the Commonwealth for more than 10 consecutive years, had been examined by the State surgeon who found him incapacitated and recommended retirement, and his total annual income, exclusive of items mentioned in section 57, did not exceed $500. The retirement was granted.

Thereafter, the petitioner was variously employed and received salaries ranging from $6,500 to $10,068.75.

The petitioner, James Gilbride, and Stephen Kearney each owned one-third of the stock of T. F. Kelley Company, Inc., and Lowell Liquor Mart, Inc., which operated retail liquor stores in Lowell, Massachusetts. Each held 1 share in each corporation.

The petitioner brought suits in equity in the Superior Court for Middlesex County, Massachusetts, on December 3, 1940, against Gilbride, Kearney, and the two corporations alleging improper withdrawals by Gilbride and Kearney. The suits were tried early in 1944 but were never decided. The petitioner and the defendants settled the suits in May 1947 as follows:

T. F. Kelley Company, Inc., transferred $2,965.96 and a $582.81 savings account to Lowell Liquor Mart, Inc., paid $9,000 to the attorney for the petitioner, and paid $388.13 to the attorney for Kearney. The petitioner then exchanged his 1 share in T. F. Kelley Company, Inc., for the 2 shares of Lowell Liquor Mart, Inc., formerly owned by Gilbride and Kearney.

The basis to the petitioner of the 1 share of stock surrendered was $1,300, and the value of the 2 shares received was $8,027.59 at the time of the exchange.

The Commissioner, in determining the deficiencies, included the $3,250 in income for each year and held that the gain from the 1947 exchange was taxable as a long-term capital gain.

Section 22 (b) (5) excludes from income amounts received "under workmen's compensation acts, as compensation for personal injuries or sickness." The petitioner claims that he was retired for disability incurred in line of duty and his retirement pay is excluded under section 22 (b) (5). The Massachusetts law under which the petitioner was retired and paid the $3,250 is not the workmen's compensation act of that state but is a different act with a different purpose. The evidence does not show that the petitioner became incapacitated in the line of or as a result of his duties as a public servant. Cf. *William L. Neill*, 17 T. C. 1015. The medical witness merely said that the petitioner's condition could have been brought about by his duties. He was retired because of high blood pressure. The money he received annually was not compensation for incapacitating personal injury or sickness incurred in line of duty but was to retire a veteran public servant who had served 10 years and was no longer able to perform his public duties. Section 22 (b) (5) does not apply in this case. *Waller* v. *United States*, 180 F. 2d 194.

The petitioner vaguely suggests that his profit on the exchange of stock is not to be recognized because of some provision of section 112 which he does not identify. He mentions "reorganization" but there was no reorganization within the meaning of section 112 (g). Kelley transferred a little cash to Lowell but that was as near as the transactions settling the lawsuit came to a section 112 (g) reorganization.

*Thomas H. Redington,* 25 B. T. A. 707. The Commissioner did not err in taxing the gain, the amount of which is now shown by the stipulation, as a long-term capital gain from the exchange of the share of Kelley stock which had been held for more than 6 months. No nonrecognition provision of section 112 applies to save the petitioner from tax on his gain.

*Decision will be entered under Rule 50.*