Gordon P. HAYNES and Essie M. Haynes

v.

The UNITED STATES of America.

Civ. A. No. 5001.

United States District Court
N. D. Georgia, Atlanta Division.
Jan. 28, 1955.

John H. Hudson, William R. Hudson, Atlanta, Ga., for plaintiffs.

James W. Dorsey, U. S. Atty., Atlanta, Ga., for defendant.

SLOAN, District Judge.

Plaintiffs, invoking the jurisdiction of this Court under the provisions of 28 U.S.C.A. § 1346(a)(1), sue here to recover $318.44 income taxes alleged to have been erroneously assessed and illegally collected from plaintiffs.

Plaintiffs contend that $2,100 paid to plaintiff Gordon P. Haynes by the Southern Bell Telephone and Telegraph Company was sickness benefits and as such was exempt from taxation under Title 26 U.S.C.A. § 22(b) (5). Plaintiffs contend that their timely claim for a refund was disallowed by the Commissioner of Internal Revenue and that they were so notified on June 2, 1954.

Defendant denies that during 1949 plaintiffs paid to Marion H. Allen, Collector of Internal Revenue for Georgia, by means of withholding tax, $318.44 representing income tax on the sum of $2,100 paid to plaintiff, Gordon P. Haynes, as sickness disability benefits for the year 1949 by the Southern Bell Telephone and Telegraph Company, but admits that plaintiffs paid $723.84 in income tax liability for the year 1949.

Defendant admits that plaintiffs filed a claim for refund and that the same has been disallowed by the Commissioner of Internal Revenue and that plaintiffs have been so notified, but denies that said tax was erroneously assessed or illegally collected.

### Findings of Fact.

The plaintiff, Gordon P. Haynes, in 1949 had been employed by the Southern Bell Telephone and Telegraph Company, hereinafter referred to as "the company," for more than 25 years and in that year he became sick and was paid in sick disability benefits under the Plan hereinafter described, the sum of $2,100 from which the company withheld the sum of $318.44 for income taxes on such sum and the $318.44 was paid by the Company to the Collector of Internal Revenue. The plaintiffs filed a claim for refund alleging that such amount was improperly withheld and this claim for refund was thereafter rejected by the Commissioner of Internal Revenue and the present action was instituted by plaintiffs to recover the $318.44 and interest.

In 1913 the company inaugurated a "Plan for Employees' Pension, Disability Benefits and Death Benefits" which plan, with amendments, is still in force and effect. Under this plan the company "undertakes to provide for the payment of definite amounts to its employees when they are disabled by accident or sickness, or when they are retired from service, or, in the event of death, to their dependent relatives." The plan provides, inter alia, for sickness disability benefits to all employees of more than two years service with the company and the payments generally begin upon the eighth day of absence from work, but when an employee has received benefits and is absent on account of illness within two weeks of the termination of benefits, the payments begin as of the first day of absence. The amounts paid and the length of time over which the payments are made are governed under the plan by the length of service of the employee with the company, and under such provisions of the plan an employee, such as plaintiff here, who had a term of employment with the

company of 25 years or more, may receive as sickness disability payments full pay for a total period of 52 weeks.

Under the plan sickness disability benefits are not payable during a period of layoff and no employee has a right to such benefits after his discharge. The plan is subject to change and may be terminated, but such termination can not affect rights to which an employee had become entitled prior to such termination.

The plan is administered by a general committee of five members who are appointed and serve during the pleasure of the board of directors of the company and the committee is responsible to the board and the president of the company. The members of such committee are appointed from the operating heads of the various departments of the company and the majority of their time is devoted to company affairs and not over three hours a week is devoted by the members of the committee to committee work.

All employees, regardless of his or her salary, except those who have worked less than two years with the company, are covered by the plan and they are not required to take a physical examination or to make application in order to receive benefits under the plan. The plan only covers employees of the company and no contribution of cash or other thing of value is required or made by employees in order to be covered by the plan and to receive benefits thereunder.

Under the plan employees receive their regular pay during the first week of absence on account of illness and subsequent weeks are paid under the plan, and all such payments, including payments for the first week, are listed on the company's records as sickness benefits. In case of absence of an employee for sickness, the sickness disability payments to such employee are authorized by the secretary of the committee subject to later approval or ratification by the committee and the committee is authorized by the board of directors to approve payments to employees in excess of those provided for in the plan, and such payments are made in needy cases. The committee also has authority to and makes loans to employees from time to time and has authority to deviate from the plan in other respects. Since the inception of the plan the company has never been sued for sickness disability benefits thereunder.

The company maintains no fund from which disability payments are made and all of such payments are charged to operating expenses. There is no trust or association which administers the disability benefits under the plan and no reserve is set upon the books of the company against which disability payments are charged. There is no insurance reserve, and unlike payments to the pension fund under the plan, the cost of sickness benefits is not determined by contributions on an actuarial basis. Payment to an employee for time actually worked and for sickness benefits in a single biweekly pay period is generally in a single check, and in cases where an employee works part of a day and is entitled to sickness disability benefits for the remainder of the day, the entire amount paid to him for that day is charged to his regular salary account. Approximately 2% of the company's payroll in 1949, the year involved here, comprised sickness disability benefits and a total of $1,700,000 was paid as such benefits under the plan in that year.

The company is not licensed by the State of Georgia to engage in the business of health insurance.

Private insurance companies who write health insurance do not usually insure a person for more than 80% of the salary earned by such person, and in group health insurance, the limitation is approximately ⅔ of the salary earned, the reason for this being to provide an incentive for the insured to return to work as soon as possible, and it is not the practice of such companies to issue

policies where the period of time during which benefits are to be paid depends upon the length of time the person has held a particular job or position.

### Conclusions of Law.

This Court has jurisdiction of the cause.

■ The $2,100 received by the plaintiff, Gordon P. Haynes, from which the $318.44 income tax was withheld, was paid to him as sick benefits and constituted amounts "received through * * * health insurance * * * as compensation for * * * sickness" within the meaning of Title 26 U.S.C.A. § 22(b)(5), and the inclusion of such amount in the gross income of plaintiffs was improper.

The view of the defendant that the payments were "additional compensation" or "compensation for past services" does not find support in the record.

The employer becomes the insurer and the benefits are paid only when the employee is ill—if he is not ill, he does not receive them.

■ Only the value of the protection may be properly treated as additional compensation or income—not the benefits which depend not upon service, but upon duration of illness.

It was held in Epmeier v. United States, 7 Cir., 199 F.2d 508(4).

"Where employer for adequate consideration agreed and became liable under agreement to pay, and did pay, sickness benefits to an employee based on a reasonable plan of protection to employees, employee was entitled to benefits of provision of Internal Revenue Code excluding from gross income and exempting from taxation amounts received through health insurance as compensation for sickness, notwithstanding there was no formal contract of insurance."

This question has thus been decided adversely to the contentions of the defendant and it seems that the Commis-

sioner of Internal Revenue has refused to follow that holding (See 39 A.B.A. 450), although that opinion seems to this Court to be sound.

The plaintiff is entitled to recover. A judgment in accordance with the findings here made may be presented.