**32**

Anne G. **MOHOLY**, as Administratrix of the Estate of Philip F. Moholy, deceased, and Anne Moholy, Plaintiffs,

v.

**UNITED STATES of America,**
Defendant.

No. 33489.

United States District Court
N. D. California, S. D.
May 31, 1955.

Clyde C. Sherwood, John V. Lewis, San Francisco, Cal., for plaintiffs.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for defendant.

EDWARD P. MURPHY, District Judge.

This is a tax refund suit. In a joint return for the taxable year 1949 plaintiffs included as income:

(a) Nine Hundred ($900.00) Dollars received by Philip Moholy as disability pay from the City and County of San Francisco. Moholy, a Captain in the City Fire Department, was thrown from a fire truck while answering an alarm. He was incapacitated for 68 days.

(b) Four Hundred Eighty-nine and 17/100 ($489.17) Dollars received as sick pay. Captain Moholy was ill with bronchitis and unable to work for a period of 35 days. This money was paid to him pursuant to the provisions of the City Charter, Ordinances and Regulations. Plaintiffs filed a claim for refund with the Commissioner for the tax attributable to these two amounts. The Commissioner did not act upon the claim during the statutory six months.

Plaintiff contends that these amounts are excludable from gross income under Section 22(b) (5) of the Internal Revenue Code, 26 U.S.C.A. § 22(b) (5) as it existed in 1949. That section provided as follows:

I.R.C. "§ 22 * * *

"(b) *Exclusions from gross income.* The following items shall not be included in gross income and shall be exempt from taxation under this chapter: * * *

"(5) *Compensation for injuries or sickness.* Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 23(x) in any prior taxable year, *amounts received through accident or health insurance or under workmen's compensation acts,* as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness, and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country; * * *." (Emphasis added.)

The plaintiff contends and the government has conceded that the Nine Hundred ($900.00) Dollars received as a result of Captain Moholy's injury consti-

tutes "amounts received under Workmen's Compensation Act for personal injuries".

The only question remaining is whether the Four Hundred Eighty-nine and 17/100 ($489.17) Dollars received as such leave pay is excludable from gross income as "amounts received through accident or health insurance" as those words are used in the statute.

Those amounts were paid pursuant to Section 153 of the Charter of the City and County of San Francisco and Rule 32, section 11 adopted by the Civil Service Commission.

Section 153 provides as follows:

"The civil service commission by rule and subject to the approval of the board of supervisors by ordinance, shall provide for leaves of absence, due to illness or disability, which leave or leaves may be cumulative, if not used as authorized, provided that the accumulated unused period of sick leave shall not exceed six (6) months, regardless of length of service, and provided further that violation or abuse of the provisions of said rule and ordinance by any officer or employee shall be deemed an act of insubordination and inattention to duties".

Rule 32 provides as follows:

"Police and Fire Departments: Sick leaves and disability leaves granted to members of the uniformed forces of the Police Department and Fire Department shall be regulated by rules adopted respectively by the Police Commission and Fire Commission which rules, and amendments thereto, shall be subject to the approval of the Civil Service Commission, and when so approved by the Civil Service Commission shall be deemed as included in this rule. (Sick leave rules of the Fire Department approved Minutes of April 18, 1945. Sick leave rules of the Police Department approved as amended Minutes of February 15, 1950)".

The Sick Rule generally provides that members of the Fire Department who have regularly occupied their positions continuously for at least one year are entitled to two weeks' "sick leave with full pay." When not used the sick leave is cumulative for a period not to exceed six months.

The argument was principally directed to the question of whether the various provisions of the sick rule coincided with provisions found in normal commercial health insurance and whether these charter provisions are "a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event." California Insurance Code, sec. 22.

The government contends that these sick leave payments are part of an employee's bargain for compensation for his work; that there is no risk to be insured against since there is no loss of wages and that there is no spreading of the risk.

The plaintiff counters by saying these payments are not wages, citing Adams v. City and County of San Francisco, 1949, 94 Cal.App.2d 586, 211 P.2d 368, 212 P.2d 272, that there is a risk of sickness; that the government's reasoning regarding no risk is circular in that the only reason there would be no risk is that the employer has contracted to assume that risk.

All this is interesting. But the problem is not whether the system setting up these payments is like health insurance. The problem is whether the payments are "amounts received through accident or health insurance" as those words are used in the Act. While their meaning in the statute is not free from doubt, I take it that the words were used in their ordinary service. Cf. Waller v. U. S., 1950, 86 U.S.App.D.C. 93, 180 F.2d 194, 16 A.L.R.2d 1328. "Sick leave with full pay" is an ordinary, well understood phrase. "Health insurance" is likewise an ordinary, well understood phrase. Taking their ordinary meaning they are

not the same. Sick leave pay is just not "amounts received through health insurance".

If Section 105(d) of the Internal Revenue Code of 1954, 26 U.S.C.A. has any relation to this problem at all, it shows that Congress can use plain words to exclude these types of payment from gross income.

Two points remain to be made. Adams v. City and County of San Francisco, 1949, 94 Cal.App.2d 586, 211 P.2d 368, 371, 212 P.2d 272, did *not* hold that payments received under Section 153 were not part of the Wage Contract. The question there decided was that the words " 'such rate of pay' " used in Section 151.3 of the Charter did not include "sick leave and disability leave" within Section 153, but did include the schedules of compensation recommended by the Civil Service Commission after investigation and survey and based upon the prevailing hourly or per diem rate including an allowance for annual vacation under Section 151 of the Charter. This is a problem of construction of a section of the City Charter. It has nothing to do with whether the sick leave payments are wages.

Epmeier v. U. S., 7 Cir., 1952, 199 F.2d 508, discusses the problem of whether amounts are received "through accident or health insurance" in terms of whether the plan is like commercial insurance. It does not appear whether those payments were full pay for sick leave. It does appear that the employer was an insurance company authorized to, and actively engaged in, writing disability insurance as compensation for personal injuries and sickness. The employee's plan was the equivalent of a commercial policy. I do not read Epmeier as holding that all payments by an employer of full pay when the employee is on sick leave are excludable from gross income.

This memorandum together with the stipulated facts will constitute the findings of fact and conclusions of law required by the Rule. The parties have stipulated that they will recompute the tax due. Let a draft of the judgment be prepared and submitted in accordance with the local Rule.