**Arthur E. HERBKERSMAN, Beatrice E. Herbkersman, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. 3244.**

United States District Court
S. D. Ohio, W. D.

Aug. 15, 1955.

Arthur E. Herbkersman, Cincinnati, Ohio, for plaintiff.

Hugh K. Martin, U. S. Atty., Richard H. Pennington, Asst. U. S. Atty., Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

This cause coming on to be heard on the petition of plaintiffs, the answer of defendant, the stipulation of facts, briefs submitted by both parties and oral testimony, this Court makes the following findings of fact and reaches the following conclusions of law:

### Findings of Fact

Plaintiff, Arthur E. Herbkersman, is now and has been since October 19, 1922 an employee of American Telephone and Telegraph Company. In the years 1950, 1951 and 1952 Plaintiff was at certain periods unable to perform services as such employee on account of sickness and the employer during the absence of Plaintiff from his regular duties due to sickness in the periods mentioned above, made regular payments in money to Plaintiff as sickness benefits and the employer withheld from the plaintiff Federal Income Taxes on such amounts and the taxes so withheld were remitted by the employer to the Federal Government. These amounts were included by Plaintiff in his annual income tax reports for the periods mentioned. Plaintiff subsequently filed claims for refund of the tax paid on such sickness benefits and upon denial of the claims brought the present suit. By stipulation in open Court the amount of the tax involved is $1,451.85 with interest.

Said employer has had in effect since 1913 a "Plan for Employees' Pensions, Disability Benefits and Death Benefits". The Plan is printed in booklet form and it is provided therein that a copy be given to all employees at the time of their initial employment. In this plan the American Telephone and Telegraph Company "undertakes to provide for the payment of definite amounts to its employees when they are disabled by accident or sickness."

All employees who have completed two years of employment are eligible for sickness or accident benefits thereunder,

the amount and duration of such benefit payments being determined by the salary and length of service of the employee. Once an employee becomes eligible for such payments and has actually begun to receive such payments neither cancellation of the plan nor termination of his employment can affect his rights thereunder. Under this plan benefit payments are normally made only after confirmation by a competent physician of the disability claimed, and if there be any doubt, by physicians selected by the Company.

The Company is not licensed to engage in the issuance of insurance, and benefits under the Plan are limited to its employees. No payments are made under this plan for the first seven days of absence, such absence, if paid for, being included as part of the regular payroll. As a matter of expediency, payments for benefits, if occurring in the same pay period as regular payment for actual service is included in the same check with regular salary due.

### Conclusions of Law

This Court has jurisdiction of the cause.

The amount involved having been stipulated, the only question presented is whether, under Sec. 22(b) (5) of the Internal Revenue Code, 26 U.S.C.A., then in effect, sickness benefits paid to Plaintiff, Arthur E. Herbkersman, by his employer, American Telephone and Telegraph Company, under its "Plan for Employees' Pensions, Disability Benefits and Death Benefits" constituted amounts received through health insurance as compensation for sickness.

Insurance requires an undertaking, a consideration therefor, and a transfer of risk. Section 1 of the Plan very definitely and decisively states that the Company "undertakes * * * to provide for the payment of definite amounts to its employees when they are disabled by accident or sickness * * *".

Under the Plan the employer undertakes to assume the risk which would otherwise be borne by the employee of loss of income during periods of disability resulting from sickness and the risk is thereby transferred from the employee to the employer and this transfer of risk creates in itself a contract of insurance. While no monetary consideration is paid by the employee for the protection afforded under the Plan the acceptance of employment with the Plan being a feature thereof constitutes a full and adequate consideration. Consideration need not necessarily be a transfer of money, it may be anything of value.

It was held in Epmeier v. U. S., 7 Cir., 199 F.2d 508(4), involving an employees' benefit plan similar in some respects to the one here in question that where employer for adequate consideration agreed and became liable under agreement to pay, and did pay, sickness benefits to an employee, based on a reasonable plan of protection to employees, employee was entitled to benefits of provision of Internal Revenue Code excluding from gross income and exempting from taxation amounts received through health insurance as compensation for sickness, notwithstanding there was no formal contract of insurance.