Franklin P. **BRANHAM** and Mary Branham, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. 2650.

United States District Court
W. D. Kentucky, at Louisville.

Dec. 14, 1955.

Charles G. Middleton, Charles G. Middleton, Jr., Gerald Kirven, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, Ky., for plaintiffs.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Harlan Pomeroy, Sp. Assts. to the Atty. Gen., J. Leonard Walker, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

### Findings of Fact and Conclusions of Law

This is an action to recover $58.27, together with interest which sum of $58.27 is income tax upon an amount equal to the salary of Franklin P. Branham paid by the Standard Oil Company (incorporated in Kentucky), which he would have earned in a period during 1949, when he was sick and unable to perform his services as an employee of Standard.

The sole question presented in this case is whether the amount paid to Branham is exempt from taxation as income within the meaning of Section 22(b) (5) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22(b) (5).

That statute is as follows—

"§ 22. Gross income

\* \* \* \* \* \*

" (b) [as amended by Secs. 113 and 127, Revenue Act of 1942, c. 619, 56 Stat. 798] Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

\* \* \* \* \* \*

" (5) Compensation for injuries or sickness. Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 23(x) in any prior taxable year, amounts received through accident or health insurance or under workman's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness, and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active

service in the armed forces of any country".

The parties to this action filed a stipulation of facts which the Court adopts, and which is as follows—

I. The plaintiffs, Franklin P. Branham and Mary Branham, are at the present time and were at all times hereinafter mentioned residents of Louisville, Jefferson County, Kentucky.

II. Seldon R. Glenn, a resident of Jefferson County, Kentucky, was the former United States Collector of Internal Revenue in and for the District of Kentucky to whom the income taxes involved in this action were paid.

III. The plaintiffs were required and did duly file a joint income tax return for the calendar year 1949 on the 15th day of March 1950, with the Collector of Revenue at Louisville, Kentucky. Included in the total income shown on said return were certain payments in the amount of three hundred and fifty-one dollars and eleven cents ($351.11) received by the plaintiff, Franklin P. Branham, under the Temporary Disability Benefit Plan of the Employee Welfare and Security Program of the Standard Oil Company (Incorporated in Kentucky).

IV. On March 12, 1953, the plaintiffs herein filed a Claim for Refund on Treasury Department Form No. 843 in which the plaintiffs requested a refund in the amount of fifty-eight dollars and twenty-seven cents ($58.27) plus interest from March 15, 1950. The plaintiffs alleged in such claim that the three hundred and fifty-one dollars and eleven cents ($351.-11) received by Franklin P. Branham under the said Plan of the Standard Oil Company (Incorporated in Kentucky) should have been excluded from their gross income under Section 22(b) (5) of the Code as amounts received through health insurance. This Claim for Refund was rejected by the defendant on April 21, 1953.

V. The plaintiff's employer, Standard Oil Company (Incorporated in Kentucky), is organized and exists under the laws of the Commonwealth of Kentucky. It was organized on October 7, 1886, with the following specified powers: to engage in "the manufacturing, refining, buying and selling of petroleum and all its products and naval stores". The articles of incorporation were amended on March 18, 1943, to add the following provision:

"The Company shall also have the right to buy, sell and distribute articles of commerce for commercial, personal, household and farm use, and tourists' needs, electrical devices, liquified petroleum gases, and appliances for storing, handling; and using same; also other articles which can be sold at service stations or bulk stations; also the right to engage in a general tire and battery business, including, but not limiting, the right to buy and sell and to repair, retread, recap and rebuild tires and tubes; also to buy and sell and repair and rebuild batteries and other automobile accessories; also generally the right to repair, rebuild and recondition any article of commerce which the Company has the right to deal in; and the right to buy and sell parts, repair material and equipment for these purposes. The Company shall have the right to transport any or all of the products or articles of commerce as described in the original and in all of the Amendments to its original Articles of Incorporation."

VI. All persons as a condition to employment pass a medical examination and if such person cannot pass the examination, he is not employed.

The disability benefit payments under the Plan are not required by any statute.

The employees make no monetary contribution to the Plan.

VII. This action arises under Section 22(b) (5) of the Internal Revenue Code of 1939.

VIII. The Employee Welfare & Security Program of the Standard Oil Company in all material aspects in effect in 1949 is the same as the one attached to the plaintiffs' complaint.

IX. Health insurance policies issued by insurance companies in some instanc-

es contain cancellation clauses allowing the company to cancel the policy.

X. The Court has jurisdiction of this action.

XI. The stated monthly salary of the highest paid employee eligible for temporary disability benefits in 1949 was $3,559.03.

XII. The number of employees whose stated monthly salary was in excess of $850 and who were eligible for temporary disability benefits in 1949 was approximately fourteen and the Company employed approximately three thousand persons.

XIII. The Company has never maintained a fund from which disability benefit payments were made.

XIV. All disability benefit payments have been charged to operating expenses as payroll cost.

XV. There has never been a trust or association which administers the Plan.

XVI. A reserve has never been set up on the Company's books against which disability payments have been charged.

XVII. The cost of disability benefit payments has never been determined in advance on an actuarial basis.

XVIII. The Company has never been licensed to act as a health insurer.

XIX. Although this suit is brought in plaintiffs' names and they will recover or not as the Court decides, the action was brought as a test suit at the request of and under the direction of the Company. The Company's regular counsel, retained by the Company, are representing the plaintiffs in this action.

XX. The Company has withheld income taxes from amounts paid to its employees, including amounts paid under the Plan.

From the evidence heard and the exhibits filed, the Court makes the following additional Findings of Fact:

XXI. The temporary disability benefit plan by its terms provides that the entire cost in the operation of the plan is borne by the Company and "is a purely voluntary provision made by the Company for the benefit and welfare of its eligible employees. It constitutes no contract and confers no right of action. In its general or individual application, it is subject to change from time to time by action of the Board of Directors. However, the Company guarantees that no change in the plan will affect temporary disability benefits in effect prior to any change made by the Board of Directors."

XXII. The amount of the benefit on account of sickness or disability is payable to eligible employees who have been more than one year in the service of the company and the provision is that said employee "may receive disability benefits" based upon a schedule regulating the amount of the disability payable to employees who have certain years of service and regulating the period of time within which said eligible employees will receive their full salary or half salary.

XXIII. Under the plan, decision as to whether an employee is physically disabled and whether he is able to resume his duties, "shall rest with the Company". All questions involving the administration or interpretation of any provisions of the plan "shall be decided by the Board of Directors, and their decision shall be final".

Upon the facts stipulated by the parties and found by the Court above set forth, the Court makes the following—

### Conclusions of Law

I. This Court has jurisdiction of the parties and of the subject matter.

II. The presumption that the tax of $58.27 was properly assessed and rightfully collected by the Commissioner casts upon the plaintiff the burden of showing that the tax was illegally collected. Niles Bement Pond Company v. United States, 281 U.S. 357, 50 S.Ct. 251, 74 L.Ed. 901.

"* * * a 'taxpayer, upon whom rests the burden to show the invalidity of a tax on the ground that he is not subject to it because he is expressly or impliedly in an excepted class, must bring himself clearly within the excepted class by

proofs which compel or persuade that he is excluded." Frederick Smith Enterprise Company v. Commissioner of Internal Revenue, 6 Cir., 167 F.2d 356, 359.

" 'Exemptions from taxation are not to be enlarged by implication if doubts are nicely balanced.' " United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 109, 85 L.Ed. 40.

III. The question here involved has not been before the Court of Appeals of the Sixth Circuit and so far as this Court's information or research reveals, has only been considered by one District Court within the Sixth Circuit. See the case of Herbkersman v. United States, D.C., 133 F.Supp. 495. That case involved a sickness and disability plan between the American Telephone & Telegraph Company and its employees. There, Judge Druffel followed the holding in the case of Epmeier v. United States, 199 F.2d 508, 509, from the Court of Appeals of the Seventh Circuit.

The question to be determined is whether or not the salary paid to the plaintiff Branham in the calendar year 1949 and upon which amount the tax in question was assessed, is exempt under section 22(b) (5) of the Internal Revenue Code as an amount "received through * * * health insurance * * * as compensation for * * * sickness".

IV. It is concluded in this case that the facts distinguish it from the Epmeier case. "Insurance", says the Epmeier opinion, "of ancient origin, *involves a contract*, whereby, for an adequate consideration, one party undertakes to indemnify another against loss arising from certain specified contingencies or perils. Fundamentally and shortly, *it is contractual security* against possible anticipated loss." (Emphasis added.)

The Court further said, in the Epmeier case:

"We find no implication, in the language of the document that the employer was providing a gratuitous benefit but, on the contrary, the intimation is that the indemnity provided supplemented and added to the terms of employment, by assuring the employees of sickness benefits under the conditions specified."

In the case at bar, the written benefit plan states at the outset that it is a purely voluntary provision made by the Company for the benefit of its eligible employees and that it constitutes no contract and confers no right of action. Here, the employee pays nothing and the potential loss anticipated by the sickness of an employee is borne entirely by the Company and is in no wise diffused through the group of employees. There is no risk distribution and as quoted with approval in the case of Commissioner of Internal Revenue v. Treganowan, 2 Cir., 183 F.2d 288, 291,

" 'The process of risk distribution, therefore, is the very essence of insurance.' "

## Conclusion

The Court, therefore, concludes that the plaintiffs have not sustained the burden of showing that the Commissioner's refusal to refund the tax on the salary paid to the plaintiff Branham was erroneous and illegal. A judgment dismissing plaintiffs' complaint will be presented by counsel for defendant, on notice to counsel for plaintiffs, within ten days.