JOSEPH OLIVA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52236. Filed March 22, 1956.

*Joseph Oliva, pro se.*
*Jules I. Whitman, Esq.*, for the respondent.

1292

**OPINION.**

TIETJENS, *Judge:* Respondent takes the position that the plan under which sickness benefits were paid under the circumstances here presented does not fall within the phrase "health insurance" as it is used in the Internal Revenue Code of 1939, section 22 (b) (5); [1] that the phrase as there employed has a limited reference to ordinary commercial types of insurance policies either sold to individuals by authorized insurance companies or purchased therefrom by employers for the benefit of their employees. He relies upon our decision in *Glen E. Blackburn*, 15 T. C. 336, and *George E. Murphy*, 20 T. C. 746, and upon a 1950 decision of the Court of Appeals for the District of Columbia Circuit, *Waller* v. *United States*, 180 F. 2d 194, and *Moholy* v. *United States*, 132 F. Supp. 32 (N. D., Cal., 1955).

So far as can be ascertained this Court has never decided the precise question involved in this proceeding. We recognize there are decisions of other courts which would sustain a result contrary to that sought by respondent. *Epmeier* v. *United States*, 199 F. 2d 508 (C. A. 7, 1952); *Haynes* v. *United States*, 139 F. Supp. 671 (N. D., Ga., 1955); *Herbkersman* v. *United States*, 133 F. Supp. 495 (D. Ohio, 1955). Nevertheless, we start with the proposition that statutes granting deductions from taxable income or exemptions from taxation are to

---

[1] SEC. 22. GROSS INCOME.

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

\* \* \* \* \* \*

(5) COMPENSATION FOR INJURIES OR SICKNESS.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 23 (x) in any prior taxable year, amounts received through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness, and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country;

be strictly construed. This has so often been held that it is not necessary extensively to cite the authorities. We simply refer to *Peoples Finance & Thrift Co.*, 12 T. C. 1052, construing the very section of the Internal Revenue Code with which we are here concerned. There we said, at page 1055, "A well founded doubt as to the meaning of an exemption statute is fatal to a claim of exemption from taxation."

With this proposition in mind we agree with respondent that petitioner has not brought himself within the terms of section 22 (b) (5). He has not demonstrated that the amounts paid him by his employer were "received through * * * health insurance * * * as compensation for sickness * * *."

The crux of the question is whether the Disability Benefit Plan pursuant to which the payments were made constitutes or is to be taken as "health insurance" within the meaning of the statute. The meaning of these words is not free from doubt, but we take it they were used "in their ordinary service." *Moholy* v. *United States, supra.* We have examined the plan and its operation with care but cannot find that the employer here intended to or did as a matter of law become an insurer of petitioner's health. True, the employer, as part of its contract of employment with the petitioner undertook to pay him certain "sickness benefits," the amount being directly related to his length of service, his "normal earnings," etc., but not dependent in any way upon the degree or extent of his illness. But we do not think this puts the employer in the position of having issued "health insurance" to petitioner, as that term is ordinarily understood, or of having insured petitioner's health. What the employer did, as we view the facts, is nothing more nor less than undertake to pay "sick leave pay" to petitioner or, to put it another way, to keep petitioner on the payroll during certain periods of illness when he was unable to work. There is a difference, to our way of thinking, between "health insurance" and the sick benefits payable under the Disability Benefit Plan, which, while hard to define, nevertheless exists. Sick pay is essentially tied into the employer-employee relationship. Such pay is earned by the employee as he works. He pays for it in no other way. No premiums are collected from him and no insurance fund exists. Fundamentally the amounts paid to petitioner fall within the broad definition of "gross income" contained in section 22 (a) which includes "income derived from salaries, wages or compensation for personal service." They are compensatory in nature, paid to him because he was an employee and not because his employer insured him against sickness.

In a recent decision, *Branham, et al.* v. *United States*, 136 F. Supp. 342 (W. D., Ky., 1955), the court was concerned with a claim similar to that made here. The taxpayer was an employee of Standard Oil

Company of Kentucky. The plan there in effect was in many ways like the Disability Benefit Plan in effect here. It differed in that the plan there stated that it was a purely voluntary provision made by the company for its eligible employees and that it constituted no contract and conferred no right of action. There, as here, the employee paid nothing and the potential loss anticipated by the employee's sickness was borne by the company and was in no wise diffused through the group of employees. In deciding against the taxpayer the court said

There is no risk distribution and as quoted with approval in the case of Commissioner of Internal Revenue v. Treganowan, 2 cir., 183 F. 2d 288, 291, " 'The process of risk distribution, therefore, is the very essence of insurance.' "

We conclude that petitioner has not brought his sick benefits within the statutory exemption. In the succinct words of Judge Murphy in *Moholy* v. *United States, supra*, dealing with a problem similar to the one here,

"Sick leave with full pay" is an ordinary, well understood phrase. "Health, insurance" is likewise an ordinary, well understood phrase. Taking their ordinary meaning they are not the same. Sick leave pay is just not "amounts received through health insurance."

Reviewed by the Court.

*Decision will be entered for the respondent.*

———

Withey, *J.*, dissenting: Although the broad issue before us in this case is whether the benefits received under the Esso sickness benefit plan are excludible from gross income of the taxpayer under section 22 (b) (5) of the Internal Revenue Code of 1939, there are involved in that question two separate subissues: First, is the benefit plan a contract of health insurance and, second, if so, is the term "health insurance" as employed in that section broad enough to include employer-purchased or financed health insurance. Put another way, the second subissue may be stated as, whether the term "health insurance" may be limited in its meaning to only the ordinary commercial type of health insurance which is evidenced by a formal policy purchased from one generally engaged in the business of selling such insurance to the public.

Congress has clearly expressed the intention that "amounts received through * * * health insurance * * * as compensation for * * * sickness" are to be excluded from gross income. The majority holding is to the effect that this clear language means that only such amounts as are received through insurance expressed in formal health insurance policies purchased from commercial purveyors of such policies are to be so excluded. In my view such a judicial amendment to the law cannot be justified. While it is true that courts may add words to a .

statute or disregard words which are employed, this is true only where to do otherwise would do violence to an evident legislative scheme or plan. No such underlying plan is apparent here nor is one pointed to or relied upon by the majority.

In my opinion the sickness benefit plan here in controversy is a contract of health insurance under the reasoning of *Epmeier* v. *United States*, 199 F. 2d 508, and the benefits received thereunder are excludible from the gross income of the petitioner under section 22 (b) (5).

JOHNSON, *J.*, agrees with this dissent.