**FRYE et al. v. UNITED STATES.**
**LAY et al. v. SAME.**
**Civ. A. Nos. 31165, 37734.**

District Court of the United States for the District of Columbia.

June 24, 1947.

---

[1] See 28 U.S.C.A. § 26.

Webster R. Frye became a member of the District of Columbia Fire Department in 1919. In 1929 he was retired from active duty pursuant to an Act of Congress approved September 1, 1916, as amended, creating a "policemen and firemen's relief fund" and for other purposes.[1] He was found to be "so permanently disabled through injury received * * * in the line of duty as to incapacitate him for the performance of duty." Since then he has received from this fund the maximum permitted under the Act, namely, 50% of his salary. Prior to retirement there was deducted from his salary and paid into this fund the amount required by the Act, namely, 3½% of the salary. In the year 1944 he received $1,200 from this fund. He and his wife filed a joint income tax return for the year 1944, and included in the taxable income reported this sum of $1,200.

Herman L. Lay became a member of the Metropolitan Police Force of the District of Columbia·in 1929. In 1935 he was retired from active duty pursuant to this Act of Congress. The facts in his case are otherwise identical with those in the case of Frye, except that he received $1,225 from the "fund" in question and the tax year involved is 1945.

The question presented is whether monies received from this "fund" are exempt from income tax under Section 22(b) (5) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 22(b) (5). This section, so far as material, reads as follows:

"Sec. 22. Gross income

"(a) General definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid * * * or gains or profits and income derived from any source whatever. * * *

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

\*    \*    \*    \*    \*    \*

"(2) Annuities, etc. * * * Amounts received as an annuity under an annuity or

Paul E. Jamieson and Thomas H. Patterson, both of Washington, D. C., for plaintiffs.

Leon Cooper, of Washington, D. C., for defendant.

PINE, Justice.

These are actions for the recovery of internal revenue taxes alleged to have been erroneously or illegally collected. The cases were consolidated for trial. Plaintiffs in each case are husband and wife.

---

[1] 39 Stat. 718, Sec. 4—501 et seq., D.C.Code 1940.

endowment contract shall be included in gross income; except that there shall be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such year), until the aggregate amount excluded from gross income under this chapter or prior income tax laws in respect of such annuity equals the aggregate premiums or consideration paid for such annuity. * * *

"(5) Compensation for injuries or sickness. * * * amounts received through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness * * *."

Specifically, the question is whether the monies received by plaintiffs from this "fund" come within the tax-exempt item of "amounts received through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries." This involves a consideration of the Act creating the fund, supra.

That Act, as amended, provides among other things as follows:

The nucleus of the fund is the Police Relief Fund and the Firemen's Relief Fund under prior statutes. Sec. 4—501, D.C. Code 1940. It is to be augmented by fines imposed upon policemen and firemen by way of discipline, rewards, gifts, and emoluments received by them for extraordinary services, except such part as the Commissioners of the District of Columbia allow to be retained, a deduction of 3½% of the monthly salary of each policeman and fireman, donations, net proceeds of sales of unclaimed property in the custody of the Police Department, and by direction of the Commissioners, monies out of the general revenue of the District necessary to meet deficiencies in the fund. Sec. 4—503. The deductions above mentioned are to be refunded to policemen and firemen upon separation from the services except by retirement. Sec. 4—504.

The Commissioners are empowered to determine and fix the amount of the "pension relief allowance." Sec. 4—505.

Medical and hospital expenses for temporary disability of a policeman or fireman through injury received or disease contracted in the actual discharge of duty are to be paid from this fund in cases where services other than those which can be rendered by the Board of Police and Fire Surgeons are required. Sec. 4—506.

Any member of the Police or Fire Department shall be retired if he comes within one of the following categories:

1. A member so permanently disabled through injury received or disease contracted in line of duty as to incapacitate him for the performance of his duty. Sec. 4—507.

2. A member having served 25 years or more and having reached the age of 55, at his election.[2] Sec. 4—508.

3. A member having reached the age of 60 years, in the discretion of the Commissioners of the District of Columbia. Sec. 4—507.

Death benefits of $60 a month for the widow and $10 for each child under sixteen years of age are also provided. Sec. 4—507.

Upon retirement under the first or third category, the member is entitled to receive "relief" from this "fund" in an amount "not to exceed" 50% of his salary; upon retirement under the second category he is entitled to receive "retirement compensation" from this "fund" in an amount "equal" to 50% of his salary. Sec. 4—507, 4—508.

There is created by the Act a Board known as the "Police and Firemen's Retiring and Relief Board," composed of the Corporation Counsel, a member of the Police Department and a member of the Fire Department designated by the Commission-

[2] Prior to the amendatory Act of October 14, 1940, 54 Stat. 1118, D.C.Code 1940, § 4—508, a member having served not less than 25 years and having reached the age of 55 was to be retired only in case he became, for any cause, so permanently disabled as to incapacitate him for the performance of duty and his application for retirement was approved by the Commissioners. Sec. 4—507.

ers, who are authorized to make, modify, and amend from time to time regulations and rules of procedure for the conduct of the Board. The Board is required to consider all cases for the retirement and relief of members of the Police and Fire Departments, under this Act, and in every case of retirement the Board of Police and Fire Surgeons is required to certify, in writing, to the Retiring and Relief Board, the physical condition of the member for whom retirement and relief is sought. Its proceedings are to be reduced to writing and show the date of appointment, age, record in the service, and other information that may be pertinent to the matter of retirement and relief. The Board is required in each case to submit to the Commissioners a report of its findings and the Commissioners are given the power to approve, disapprove, or modify such findings, or to remand any case for further proceedings. Sec. 4—510. While this section requires the Board to consider "all cases" for retirement and relief, it obviously has no application to cases in the second category under existing requirements thereof as above set forth.

The Commissioners may cause a person receiving any relief under this Act, who has served less than 25 years, to undergo a medical examination as a result of which they may determine whether the relief is such case shall be continued, increased, decreased, or discontinued. Sec. 4—512. They may also, in their discretion, reduce or discontinue the relief granted, if a recipient thereof has been convicted of a crime involving moral turpitude, is an habitual drunkard, or is guilty of lewd or lascivious conduct. Sec. 4—513.

Acting under the authority of the Act, the Commissioners have adopted rules of conduct for the Retiring and Relief Board. In Section 4 of the current regulations adopted January 29, 1941, the Board is directed, in considering disability of members who have not served 25 years and who have not reached the age of 55, to use as a guide the schedule of disability ratings pro-

mulgated by the United States Veterans Administration in arriving at the degree of incapacitation. In practice the Board has taken into consideration the years of service of an applicant for retirement, but has not taken into consideration his marital status, wealth, or the amount of deductions, in arriving at the degree of incapacitation.

The foregoing review of the Act in question demonstrates that it has a dual purpose and function, namely, the creation and operation of (1) a system for the compensation of policemen and firemen who have been disabled through injury received or disease contracted in line of duty in the nature of a workmen's compensation act; and (2) a system for the voluntary retirement of policemen and firemen who have served not less than 25 years and have reached the age of 55, and the involuntary retirement of policemen and firemen who have reached the age of 60, in the discretion of the Commissioners.

Support for this view is found in subsequent Acts of Congress. Thus, the Federal Compensation Act of 1916, providing for compensation for disability of employees of the United States resulting from personal injury sustained while in the performance of duty, [3] was amended in 1919 to extend its provisions to employees of the government of the District of Columbia "except to those members of the police and fire departments of the District of Columbia who are pensioned or pensionable under the provisions of the District of Columbia Appropriation Act approved September 1, 1916," [4] which is the Act herein involved. Furthermore, the Civil Service Retirement Act of 1920 included all regular annual employees of the municipal government of the District of Columbia with the exception of school officers and teachers and members of the Police and Fire Departments, who are expressly excluded. [5] As amended, this Act provides that it shall not apply to officers and employees of the "municipal government of the District of Columbia subject to another retirement system for such officers and employees." [6]

---

[3] 39 Stat. 742, 5 U.S.C.A. § 751.
[4] 41 Stat. 104, 5 U.S.C.A. § 794.
[5] 41 Stat. 614, 5 U.S.C.A. § 693. D. C. school teachers also have a separate re-

tirement system. Sec. 31—701, D.C. Code 1940.
[6] 44 Stat. 905, as amended, 5 U.S.C.A. § 693.

By this legislation Congress has recognized that both types of coverage have been provided for in the Act under consideration.

It would therefore appear that monies received upon retirement under the first category (i. e., of a member of the Police or Fire Department permanently disabled in line of duty) would come within Section 22(b) (5), supra, of the Internal Revenue Code, as "amounts received * * * under workmen's compensation acts, as compensation for personal injuries," which is exempt from taxation; and that monies received upon retirement under categories 2 and 3 (i. e., of a member having served 25 years and having reached the age of 55, or having reached the age of 60, at the discretion of the Commissioners) would come within Section 22(b) (2) as "Amounts received as an annuity" which is not exempt from taxation, with certain exceptions not relevant to the question under consideration. This is borne out by the decisions of the Income Tax Unit of the Internal Revenue Bureau. In IT-3281 (CB 1939-1, page 97) the question presented was whether compensation paid under the Federal Compensation Act, supra, is taxable for income tax purposes. The Income Tax Unit held that this Act (which finds its counterpart in the first function of the Policemen and Firemen's Act, supra) was similar in many respects to the so-called 'workmen's compensation acts, and that by reason of its purposes and the provisions for the payment of compensation in case of death or disability of an employee of the federal government resulting from personal injuries sustained in the performance of his duty, payments received thereunder are not subject to federal income tax. In IT-3428 (CB 1940-2, page 60) the question was whether disability retirement pay received under the Civil Service Retirement Act of 1920, supra, was exempt from taxation. It was held by the Income Tax Unit that such monies are subject to federal income tax. The decision referred to IT-3281, supra, and pointed out the distinction between the Federal Compensation Act and the Civil Service Retirement Act, supra, namely, that the former is similar in many respects to workmen's compensation acts, and that the

latter is not. This is the same distinction made herein between category 1 and categories 2 and 3 of the Act here involved. The cases of the plaintiffs come within category 1, and accordingly, monies received by them thereunder are not subject to federal income tax.

Counsel will present judgments against the United States, upon recomputation of the tax in accordance with this opinion. They will also present findings of fact and conclusions of law in conformity herewith, unless they deem them unnecessary in view of facts and conclusions herein set forth.