WILLIAM L. NEILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28814.   Promulgated December 19, 1951.

*W. Carroll Parks, Esq.*, for the petitioner.
*William M. Fay, Esq.*, for the respondent.

FINDINGS OF FACT AND OPINION.

RAUM, *Judge:* The respondent determined a deficiency in the income tax of the petitioner for the year 1946 in the amount of $228. The sole question is whether $1,355.76 received by the petitioner in 1946 from the Police Department of the city of Baltimore, Maryland, is exempt from tax under the provisions of section 22 (b) (5) of the Internal Revenue Code.

The petitioner, a resident of Baltimore, Maryland, filed his income tax return for the calendar year 1946, with the collector of internal revenue, Baltimore, Maryland. He had been appointed to the Baltimore Police Department on April 27, 1925; he resigned on April 27, 1926, and was reinstated on February 6, 1927. He was "surveyed" by police department physicians on June 22, 1945, and found to be incapacitated for service. As a consequence, he was retired on July 1, 1945. After retirement, he was employed as a bartender for a period in 1946, but physical disability prevented continuance of that employment.

During 1946, petitioner received $1,355.76 from the Baltimore Police Department, as retirement pay. The amount involved was paid to petitioner pursuant to a local law of the city of Baltimore which empowered the Police Commissioner whenever, in his opinion, the efficiency of the service required it, to retire a policeman who had served faithfully not less than 16 years or who had been permanently disabled in the discharge of his duty as a policeman, and pay him a sum of money equal to one-half of the amount he was receiving at the time of his retirement. Among other things this law provided that "the said Police Commissioner shall in all cases before retiring any officer of police, policeman, * * * procure and file among their records a certificate signed by a majority of the physicians appointed by the Police Commissioner as physicians of the Police Department, that the person proposed to be retired has been thoroughly examined by them, and that he is incapable of performing active police duty; * * *." Charter and Public Local Laws of Baltimore City, Flack (1949 ed.), section 591.

Petitioner contends that his retirement pay is nontaxable under section 22 (b) (5) of the Internal Revenue Code, which provides exemption for "* * * * amounts received, through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness, * * *."

Although it may well be doubtful whether these provisions are literally applicable in situations of this type, the exemption has nevertheless been considered effective where the taxpayer had been retired by reason of injuries sustained in the line of duty. *Frye* v. *United States* (D. C., D. C.), 72 F. Supp. 405; I. T. 3877, 1947–2 C. B. 15. However, the mere fact that he was incapacitated at the time of retirement is not sufficient to bring the exemption into play if he was actually retired for length of service rather than for disability incurred in line of duty. Cf. *Elmer D. Pangburn*, 13 T. C. 169, 172; *Joseph B. Simms*, 17 T. C. 1; *Marshall Sherman Scarce*, 17 T. C. 830.

It therefore becomes pertinent to inquire into the basis upon which petitioner was retired. The record before us in this respect is not

completely satisfactory. Some of the evidence is conflicting, inconclusive, or ambiguous. However, we think that petitioner has placed before us all the evidence that was reasonably at his command, and we are satisfied and so find as a fact, in the light of the testimony and the record as a whole, that petitioner was retired in 1945 by reason of disability incurred in the line of duty, rather than because of service of the prescribed number of years on the police force. In the circumstances, we hold that his retirement pay was exempt under section 22 (b) (5).

Reviewed by the Court.

*Decision will be entered for the petitioner.*