CHARLES F. AND HELEN A. BROWN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46435.   Filed October 31, 1955.

*Thomas N. Clifford, Esq.,* and *Sheldon H. Braiterman, Esq.,* for the petitioners.

*Robert A. Bridges, Esq.,* for the respondent.

OPINION.

PIERCE, *Judge:* The question whether amounts received under retirement or pension plans provided by local law, qualify for exemption under section 22 (b) (5) of the Code, as "amounts received, * * * under workmen's compensation acts, as compensation for personal injuries or sickness," has been considered by this and other courts in several cases. In *William L. Neill*, 17 T. C. 1015, this Court allowed exemption for a disability pension received under the same local law here involved, after stating as follows:

Although it may well be doubtful whether these provisions are literally applicable in situations of this type, the exemption has nevertheless been considered effective where the taxpayer had been retired by reason of injuries sustained in the line of duty. * * *

However, in *Waller* v. *United States*, 180 F. 2d 194, the Court of Appeals for the District of Columbia in considering disability payments

received under the Public Health Service Act, disallowed the exemption. It said:

We would not be justified in assimilating pay for retirement due to disability to compensation for personal injuries or sickness under a Workmen's Compensation Act. Legislation of the latter character has a purpose of fixing and making certain the payment of some compensation for injury, free of the risks of litigation based on negligence. The amount of compensation depends upon the nature of the injury, which is translated into the degree of loss of earning power. Appellant, however, receives pay on retirement because of services previously performed and as part of a system for maintaining an efficient service. This is so notwithstanding that the occasion of appellant's retirement was disability rather than age, under the provisions of the statute which permits disability to accelerate the time of retirement in advance of the normal retirement age. The two types of legislation are not the same. Both have long been commonly known. Retirement pay is not known as workmen's compensation, nor is the latter known as the former. Had Congress intended to exempt retirement pay from taxation, it would not have left the effectuation of its intention to the dubious fate of rulings by administrators or courts that such pay is free of tax burden because workmen's compensation is expressly made so. * * *

See also *George E. Murphy*, 20 T. C. 746, in which exemption was denied for a disability pension paid under the laws of the State of Massachusetts.

Even in those cases where exemption has been allowed on the theory that the disability payments were in the nature of "amounts received * * * under workmen's compensation acts," it has been universally recognized that the mere fact that the taxpayer was incapacitated at the time of retirement is not sufficient to bring the exemption into play. Cf. *William L. Neill, supra.* Rather, it must also be shown, consistent with such theory, that the injury or sickness which caused such disability arose out of and was incurred in the taxpayer's regular performance of his duties. Normally, retirement pay is not exempt, whether or not the retirement is the result of disability, if such disability merely occurred during the period of employment.

In the instant case, we are unable to conclude that the disability pension received by Brown was equivalent to amounts received under workmen's compensation acts, as compensation from his employer for injuries or sickness incurred in the line of duty. The certificate of the police physicians lists 5 causes of disability, of which the first 4 have not been shown to have been incurred in the line of duty. As regards the last statement on the certificate, pertaining to the baseball injury, it does not state the nature and extent of the injury as required by the local law, but is merely the statement of an event, which can be identified only by resort to collateral evidence, and which has not been shown to have been related to any of the other 4 causes of disability. The injury, which is described in the official report as a turned ankle, occurred 20 years prior to Brown's retire-

ment, and during such period he continued to serve as a walking policeman.

Since it cannot be determined what portion, if any, of the monthly pension awarded to Brown represented compensation for injuries resulting from the baseball accident, and since the other causes of disability are not shown to have been incurred in the line of duty, we find it necessary to hold that the pension payment here involved is not exempt from tax under section 22 (b) (5) of the Code.

*Decision will be entered for the respondent.*