Alva O. Boystel and Maude Boystel v. Commissioner.
Boystel v. Commissioner
Docket No. 80438.
United States Tax Court
T.C. Memo 1961-146; 1961 Tax Ct. Memo LEXIS 208; 20 T.C.M. (CCH) 735; T.C.M. (RIA) 61146; May 19, 1961
*208 Pension payments received by a policeman by reason of his retirement for disability resulting from injuries incurred in the line of duty, held exempt under section 104(a)(1), Internal Revenue Code of 1954. Curtis H. Porter, Esq., 145 N. High St., Columbus, Ohio, for the petitioners. Donald P. Krainess, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined the following deficiencies in petitioners' income taxes for the years and in the amounts shown: *209 Year
Deficiency
1955
$300.89
1956
318.53
1957
287.00
The sole issue is whether certain payments received by petitioner Alva O. Boystel from the police pension fund were excludable from gross income by reason of section 104(a)(1) of the Internal Revenue Code of 1954. Findings of Fact Some of the facts are stipulated and, so far as they go, are found as facts of this case and are incorporated herein by this reference. Alva O. Boystel and Maude Boystel are husband and wife, residing in Columbus, Ohio. They timely filed joint Federal income tax returns for the taxable years 1955, 1956, and 1957 with the district director of internal revenue, Columbus, Ohio. Petitioner was born on May 6, 1897. He was appointed a member of the Division of Police, Department of Public Safety, of the city of Columbus, Ohio, on April 1, 1930. He served continuously thereafter as a policeman until he was granted an honorable discharge after 16 years, 8 months, and 25 days of actual service. During the course of his service petitioner suffered numerous injuries which were incurred in the line of duty. These injuries included a gunshot wound on October 29, 1931, and *210 a severe fall on April 1, 1940, while supporting an inebriated individual down certain ice-covered stairs, such person falling on petitioner. By letter dated December 27, 1946, the Director, Department of Public Safety, notified petitioner that he was suspended from duty on charge of violating Rule 3-F of chapter 2 of the Rules, Regulations and Instructions for the Government of the Division of Police, and that he was to have a hearing on December 30, 1946. Rule 3-F provided for the suspension of officers for incompetency to perform the duties of an officer. A letter dated December 30, 1946, from the Director, Department of Public Safety, notified Boystel that he was honorably discharged from duty due to physical disability. On the same date petitioner filed an application for pension. In the application he alleged that the cause of the termination of his service as a police officer was due to physical disability. He listed his service-incurred injuries. The medical report attached to the application stated that petitioner suffered permanently from angina pectoris and bradycardia. [1]
The minutes of the Police Relief *211 & Pension Fund, dated January 29, 1947, contained an entry stating that Boystel was to receive the amount of $134.06 per month. The pension was granted under the provisions of Rule 15 of the Rules and Regulations, Police Relief Fund and Police Relief Sub-Fund. The Fund committee did not specify the subsection of Rule 15 under which petitioner was pensioned. However, the entry noting the amount of the pension was on the application which contained the information (both petitioner's allegation and the medical report) that petitioner's service was terminated because of physical disability. The Ohio statutes applicable to the year of retirement and the years in question provided generally that injured police officers who were and are entitled to participate in any pension fund created by a city are not entitled to workmen's compensation as provided by statute. Petitioner received pension payments totalling $1,608.72 from the Police Relief Fund in each of the taxable years 1955, 1956, and 1957. Petitioner received pension payments in 1955, 1956, and 1957 as a result of retirement because of physical disability and not length of service or age, which disability arose from injuries *212 suffered by him in the line of duty as a policeman and which disability was the cause of his retirement. Opinion VAN FOSSAN, Judge: The findings of fact are substantially dispositive of the instant case. The question at issue is whether the pension payments received by the petitioner in the years in dispute are includible in his taxable income for those years or are excludable under the terms of section 104(a)(1) of the Internal Revenue Code of 1954. [2]
Speaking generally, a pensioner is entitled to the saving feature of section 104(a)(1) if he can show the following: (a) that he was pensioned not because of length of service or age but due to physical disability; (b) that the physical disability was service or employment-incurred, i.e., "that the injury or sickness which *213 caused such disability arose out of and was incurred in the taxpayer's regular performance of his duties"; [3] and (c) that the pension payments were received as the equivalent of or in the nature of workmen's compensation payments. See Doogan v. United States, 154 F. Supp. 703 (S.D.Ohio); Joseph B. Simms, 17 T.C. 1, affd. 196 F. 2d 238 (C.A.D.C.); William L. Neill, 17 T.C. 1015; Gerald W. McDonald, 33 T.C. 540; Charles F. Brown, 25 T.C. 220. The record establishes clearly that petitioner was retired due to a physical disability. He was charged by the Director, Department of Public Safety, with violating Rule 3-F of chapter 2, which rule concerns discharges for physical disability. The letter notifying petitioner of his honorable discharge stated that the discharge resulted from a physical disability. Petitioner's application for pension gave as its reason physical disability, and the medical report accompanying the application so stated. Furthermore, since petitioner did not serve the requisite 25 years as required by Rule 15 of the Rules and Regulations, *214 he could not be retired because of length of service. The record clearly establishes that he was not retired because of age. The Fund committee made no specific finding of why petitioner was retired except that it noted the amount of the pension on the application which contained the information concerning the physical disability and its causes. We may assume that they had knowledge of the reasons for retirement and acquiesced in those reasons. Having carefully weighed the testimony, we conclude that the balance must be struck in petitioner's favor. The doctors testifying on petitioner's behalf, all of whom had intimate knowledge of petitioner's medical case history, stated that the various injuries suffered by petitioner over his years of service constituted the cause for his physical disability. This was the disability for which he was retired. We have found such as a fact. Petitioner testified and the documentary evidence indicates that the injuries relied upon by the doctors as giving rise to petitioner's disability were suffered while petitioner was engaged in the performance of his police duties. As far as we are concerned, this evidence clearly establishes that petitioner's *215 disability was service-incurred, and we so hold. Respondent does not seriously contest the question of whether the payments, which were made, were in the nature of workmen's compensation. The statutes of the State of Ohio and the cases thereunder indicate that petitioner was entitled to receive only these pension payments for physical disability and these in the place of any state provided workmen's compensation to which he might otherwise have been entitled. Page's Ohio General Code, sec. 1465-61(1); Page's Ohio Revised Code, sec. 4123.02; State v. Industrial Commission, 158 Ohio St. 240, 108 N.E. 2d 317. We conclude, therefore, that the elements necessary to establish that these payments should be excluded from gross income have been shown, viz, that petitioner was retired due to physical disability and not due to length of service or age; that the disability arose from injuries suffered while petitioner was performing his police duties; and that the pension payments were in the nature of workmen's compensation payments. We think the cases of Charles F. Brown, supra, and Joseph B. Simms, supra, relied upon by respondent, are clearly distinguishable. *216 The significant sentence in the Brown case is as follows: In the instant case, we are unable to conclude that the disability pension received by Brown was equivalent to amounts received under workmen's compensation acts, as compensation from his employer for injuries or sickness incurred in the line of duty. [Italics added.] This Court went on to state that the certificate of the police physicians listed five causes of disability, of which the first four were not shown to have been service-incurred. There was no medical testimony in that case. The Court placed no credence in the fifth cause. In the instant case we have an abundance of credible medical testimony establishing the fact that petitioner's disability was service-incurred. It was this disability which caused his retirement. In the Simms case, supra, the taxpayer was retired by action of the Board of Commissioners because of age. The Board did state that had the taxpayer not been retired because of age he would have been retired because of physical disability. We held that the later ruling did not alter the fact that the taxpayer was retired for age. The facts before us are clearly different. The Fund committee did *217 not retire petitioner because of age or length of service. He was retired because of physical disability. This disability arose from injuries received in the line of duty. We hold that these payments are not taxable income under the authority of section 104(a)(1). Frye v. United States, 72 F. Supp. 405 (D.C.D.C.); Doogan v. United States, supra; William L. Neill, supra.
Decision will be entered for the petitioners. Footnotes
1. A condition described as a slowness of the heart.↩
2. SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS. (a) In General. - Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include - (1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness.↩
3. Charles F. Brown, 25 T.C. 220, 222↩.