CONNIE R. DeBIASI AND THELMA M. DeBIASI, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Biasi v. Commissioner
Docket No. 23865-81.
United States Tax Court
T.C. Memo 1983-161; 1983 Tax Ct. Memo LEXIS 630; 45 T.C.M. (CCH) 1075; T.C.M. (RIA) 83161; March 23, 1983. *631 William J. DeBiasi, for the petitioners. Beth L. Williams, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined a deficiency in income tax for the year 1978 against petitioners in the amount of $2,417. The sole issue which we must decide is whether the amount of $7,560, received by petitioner Connie R. DeBiasi in 1978 as disability retirement payments from the Civil Service Retirement Fund, are includable in his gross income for that year. When the case was called for trial, the parties filed stipulations of fact together with attached exhibits, and the case was thereupon submitted without further trial, under the provisions of Rule 122. [1] Said stipulated facts from the basis of our opinion herein. Petitioners Connie R. DeBiasi (hereinafter "petitioner") and Thelma M. DeBiasi, [2] husband and wife, were residents of Livonia, Michigan at the time of filing of their petition herein. They filed a joint *632 U.S. individual income tax return for the calendar year 1978. From 1953 until 1955, petitioner was employed as a criminal investigator by the United States Secret Service. Beginning in 1955, and until his retirement in 1963, petitioner was employed by the Federal Bureau of Narcotics as a narcotics agent. Petitioner's official duties as a narcotics agent required him to carry firearms and drive an official government vehicle. In June, 1963, petitioner's official supervisor in the Bureau of Narcotics ordered that petitioner be given an eye examination by a physician of the United States Public Health Service, because of perceived difficulties which petitioner was having with his vision, which petitioner's supervisor apparently felt might have an adverse effect upon petitioner's ability to carry out his official duties. Pursuant to this directive, petitioner was examined by the Public Health Service in June, 1963, and was diagnosed as having a cataract in his right eye. Under date of June 28, 1963, petitioner *633 applied for retirement from the Civil Service on the basis of total disability resulting from impaired vision. Petitioner was then 37 years of age. As the result of further medical examination in connection with his application for retirement, petitioner was diagnosed as having an early cataract of the left eye, with 20/25 vision (corrected), and an almost total cataract of the right eye, with almost total blindness in that eye. The second diagnosis suggested the possibility of a traumatic cause for one or both cataracts, but made no specific finding. On the basis of these findings, the Civil Service Commission granted petitioner early retirement based upon total disability, effective August 31, 1963. Petitioner made no claim for compensation under the Federal Employees Compensation Act, Title 5, Chapter 81, United States Code, and received no compensation thereunder. Petitioner received $7,560 in disability retirement payments from the Civil Service Retirement Fund in 1978. All benefits were paid under the Civil Service Retirement Act, Title 5, Chapter 83, United States Code, and the amount of disability retirement benefits was based upon petitioner's length of government *634 service, his age and his pension contributions to the Civil Service Retirement Fund (which totaled $4,033), pursuant to the provisions of 5 U.S.C. section 8339. Petitioner did not use any of said contributions made by him as an offset against disability retirement benefits received during the years 1963 through 1977. During the calendar year 1978, petitioner was employed on a full-time basis as an enforcement officer for the State of Michigan Liquor Control Commission, and earned an annual salary of $15,280. Petitioner did not report his retirement pension from the Civil Service Commission as taxable income in any amount for the year 1978, nor did he claim an exclusion from income with respect thereto. Upon audit of petitioners' return, respondent determined that petitioner's Civil Service pension, in the full amount of $7,560, was includable in his taxable income for 1978. Petitioner was not permanently and totally disabled in 1978. Petitioner argues that the payments received by him as disability retirement payments from the Civil Service Retirement Fund in 1978 may be excluded by him from his taxable income on either of two grounds: (a) that *635 such payments were made to him by reason of his early retirement due to service-connected injuries, and are therefore excludable under the provisions of section 104(a)(1) as in the nature of workmen's compensation payments; or (b) that such amounts are excludable from his income under section 105(d), since he retired prior to the age of 65 and was totally and permanently disabled. Neither of these positions has merit. First. In order for a disability retiree to exclude from his income payments which he has received, under the provisions of section 104(a)(1), such person must show that his payments are "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." The facts in the instant case do not demonstrate that petitioner retired from government service because of injuries received in his official employment. Although the record indicates that petitioner, in the course of making an arrest of a narcotics suspect in the year 1955, received one or more blows to the head, and although the physician who examined petitioner at the time of his retirement suggested the possibility of a traumatic cause for one or the other of petitioner's *636 cataracts, there was no finding to that effect and there hardly could have been, given the fact that the examination took place in 1963, and the alleged incident upon which petitioner relies occurred some eight years earlier. It is also noteworthy that petitioner elected to retire under the Civil Service disability retirement system, and did not claim any compensation under the Federal Employees Compensation Act, under which petitioner could have been directly compensated for serviceconnected injuries. Thus, petitioner has failed to establish in this record that his retirement was caused by a job-related injury. In addition, if a statute is to qualify as a workmen's compensation act within the meaning of section 104(a)(1), payments under that act must be made solely because of injuries or sickness sustained in the employee's line of duty. Brown v. Commissioner,25 T.C. 220 (1955); see Dyer v. Commissioner,71 T.C. 560, 562 (1979). It is stipulated in this record that petitioner's payments were made to him under the Civil Service Retirement Act and its benefits were computed under the provisions of 5 U.S.C. section 8339. The *637 payments which petitioner received were not computed to any extent upon any injuries which he had sustained, whether job-related or not, but rather were computed upon his age, his length of service, and his contributions to the Civil Service Retirement Fund. The Civil Service Retirement Act is not a workmen's compensation statute and payments thereunder to a retiree are therefore not excludable under section 104(a)(1). Haar v. Commissioner,78 T.C. 864 (1982), on appeal 8th Circuit; Dauria v. Commissioner,T.C. Memo. 1982-458. Cf. United States v. Price,288 F.2d 448, 450 (4th Cir. 1961). Second. Nor can petitioner bring himself within the exclusionary benefits of section 105(d). That subsection, as amended by the Tax Reform Act of 1976, Pub. L. 94-455, section 505(a), 90 Stat. 1566, and effective for taxable years beginning after December 31, 1976, Pub. L. 95-30, section 301(a), 91 Stat. 151, provides in relevant part: (d) Certain Disability Payments. -- (1) In general.-- In the case of a taxpayer who -- (A) has not attained age 65 before the close of the taxable year, and (B) retired on disability and, when he retired, *638 was permanently and totally disabled, gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of permanent and total disability. (4) Permanent and Total Disability Defined.- For purposes of this subsection, an individual is permanently and totally disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to be permanently and totally disabled unless he furnishes proof of the existence thereof in such form and manner, and at such times, as the Secretary may require. The record shows that petitioner retired under the Civil Service disability retirement program at the age of 37, because of impairment to his sight caused by cataracts, which made him unfit for further duty. The payments received by petitioner in 1978 are considered as "wages or payments in lieu of wages" for the purposes *639 of section 105(d). DePaolis v. Commissioner,69 T.C. 283 (1977). [3]
However, the facts herein further establish that petitioner was employed full time in the year 1978 as an enforcement officer for the State of Michigan Liquor Control Commission, and received a salary of $15,280 for his services. It is therefore obvious that he was not "permanently and totally disabled" within the meaning of the above-quoted statute, and accordingly he is not entitled to exclude any benefits which he received from the Civil Service Retirement Fund from his income under section 105(d). Haar v. Commissioner,supra;Dauria v. Commissioner,supra;Chapman v. Commissioner,T.C. Memo. 1982-415; section 7.105-1(A-11) and 7.105-2, Temporary Income Tax Regs, 26 C.F.R. sections 7.105-1(A-11) (1977) and 7.105-2 (1979). See also Pearson v. Commissioner,70 T.C. 701 (1981), reviewing *640 the background of the changes made to section 105(d) by the Tax Reform Act of 1976. We accordingly sustain respondent's determination. Decision will be entered for respondent.
Footnotes
1. All references to Rules herein are to the Tax Court Rules of Practice and Procedure, and all statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, unless otherwise noted.↩
2. Petitioner Thelma M. DeBiasi is involved herein only by reason of having filed a joint return for 1978 with petitioner Connie R. DeBiasi, and will not be referred to further herein.↩
3. Although the cited case involved a consideration of section 105(d) prior to its amendment by the Tax Reform Act of 1976, such amendment made no change to the quoted language or the point here involved.↩