ROBERT and BARBARA SCHULZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schulz v. Commissioner
Docket No. 21822-81.
United States Tax Court
T.C. Memo 1983-596; 1983 Tax Ct. Memo LEXIS 192; 46 T.C.M. (CCH) 1519; T.C.M. (RIA) 83596; September 26, 1983. *192 Petitioner was retired from the New York City Police Department in 1975 at the age of 46 because of an injury to his left wrist. In connection with his retirement, the Pension Board of Trustees approved ordinary disability retirement for petitioner based on the Medical Board's determination that petitioner's disability was nonservice connected. Petitioner was employed full time during 1978 and also received an ordinary pension payment of $8,709 during the taxable year which he failed to report as income. Held, none of the disability retirement payment received by petitioner is excludable from income under sec. 104(a)(1), I.R.C. 1954, since petitioner's injury was nonservice connected. Held further, none of the disability retirement payment received by petitioner is excludable from income under sec. 105(d), I.R.C. 1954, because petitioner was not permanently and totally disabled during the taxable year in question. Robert and Barbara Schulz, pro se. Victoria Wilson, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated July 15, 1981, respondent determined a deficiency in petitioners' *194 Federal income tax for the calendar year 1978 in the amount of $1,718. After concessions, the sole issue for decision is whether a disability pension received during 1978 by petitioner Robert Schulz from the New York City Police Department in the amount of $8,709 is excludable from gross income pursuant to sections 104(a)(1) or 105(d)(1), I.R.C. 1954. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Robert Schulz and his wife, Barbara Schulz, resided in Levittown, New York at the time of filing the petition herein. Barbara Schulz is a party to this proceeding solely by reason of having filed a joint income tax return with Robert Schulz (hereinafter petitioner). They filed a joint Federal income tax return for the calendar year 1978 with the Internal Revenue Service at an undisclosed location. From February 1, 1955 until May 31, 1975, petitioner was employed as a police officer with the City of New York. Because of an injury to his left wrist, petitioner was retired from the police department on the latter date pursuant to the provisions *195 of section B-18-42.0 of the Administrative Code of the City of New York. Petitioner was 46 years old at the time of his retirement. The New York Police Department awards two types of disability pensions--accident disability and ordinary disability. Accident disability is a pension granted to an officer who is disabled from full police duty as a result of injuries sustained in the line of duty, while ordinary disability is a pension awarded to a police officer who is disabled from full police duty as a result of an injury sustained outside of police duty. In connection with his retirement, the Pension Board of Trustees approved ordinary disability retirement for petitioner on February 10, 1975. This award was based on the Medical Board's determination that petitioner's disability was nonservice connected. During the tax year in question, petitioner was employed full time by the Maintenance Employees Night Protection Alert Corporation. In connection with that employment, he received a salary of $9,374 in 1978. Additionally, petitioner received an ordinary disability payment in the amount of $8,709 from the Police Department, City of New York, in the taxable year 1978. On his *196 1978 tax return, petitioner did not report any portion of the $8,709 pension payment he received from the New York City Police Department as income. In his notice of deficiency, respondent determined that the full amount of $8,709 was properly includable in petitioner's taxable income for 1978. OPINION Section 61(a)(11) provides the general rule that income derived from pensions is includable in gross income. However, certain disability pensions may be excluded from income if they come within the purview of either section 104 or section 105. Section 104(a)(1) provides that gross income does not include amounts received under workmen's compensation acts as compensation for personal injuries or sickness. Section 1.104-1(b), Income Tax Regs., expounds on this statute, stating that "[s]ection 104(a)(1) excludes from gross income amounts which are received by an employee under a workmen's compensation act * * * or under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment." However, the regulation goes on to provide that section 104(a)(1) does not apply to amounts *197 received as compensation for a nonoccupational injury. Thus, if a statute is to qualify as a workmen's compensation act within the meaning of section 104(a)(1), payments under that act must be made solely because of injuries or sickness sustained in the employee's line of duty. Brown v. Commissioner,25 T.C. 220, 222 (1955). In the instant case, the record clearly establishes that the ordinary disability pension awarded to petitioner under section B-18-42.0 of the Administrative Code of the City of New York was based on an injury to his left wrist which the Medical Board determined was nonservice connected. Accordingly, since a statute will not be considered akin to a workmen's compensation act if it allows for disability payments for any reason other than on-the-job injuries, Haar v. Commissioner,78 T.C. 864, 868 (1982), affd. 709 F.2d 1206 (8th Cir. 1983), we find the exclusion from gross income under section 104(a)(1) for amounts paid pursuant to workmen's compensation acts or statutes in the nature of workmen's compensation acts inapplicable to the instant case. This finding, however, does not conclude our analysis since the *198 amounts in question can still escape taxation if they comply with the provisions of section 105(d).Section 105(d)(1) provides for an exclusion from gross income for amounts received by an employee through accident or health insurance for personal injuries or sickness if the taxpayer "(A) has not attained age 65 before the close of the taxable year, and (B) retired on disability and, when he retired, was permanently and totally disabled." [1] This exclusion under section 105(d) applies only to payments that constitute wages or are in lieu of wages for a period during which the employee is absent from work because of "permanent and total disability." Section 105(d)(5) (subsequently redesignated as section 105(d)(4)) defines the term "permanent and total disability" as follows: [A]n individual is permanently and totally disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable *199 physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to be permanently and totally disabled unless he furnishes proof of the existence thereof in such form and manner, and at such times, as the Secretary may require. In the instant case, petitioner did not contend that he was permanently and totally disabled during the taxable year in question. In point of fact, he was employed full time with the Maintenance Employees Night Protection Alert Corporation and received a salary of $9,374 in the taxable year 1978. Thus, petitioner's disability was certainly not a total disability as is required by section 105(d)(1) in order for the pension payments he received to be excludable thereunder. In reaching this conclusion, we find petitioner's reliance on Rev. Rul. 72-44, 1972-1 C.B. 31, misplaced. In that ruling the Service held that an employee who is receiving a disability pension excludable from gross income under section 105(d) may be engaged in a gainful occupation as a self-employed individual or an employee of *200 another employer without adversely affecting the tax treatment of his disability pension. However, that ruling was issued prior to the Tax Reform Act of 1976, in which Congress established the requirement that a person be permanently and totally disabled in order to come within the purview of section 105(d) for all taxable years beginning after December 31, 1976. Tax Reform Act of 1976, 90 Stat. 1566, 1976-3 C.B. (Vol. 1) 42. [2] Accordingly, Rev. Rul. 72-44, supra, is irrelevant to the present case since the taxable year in question is 1978. Petitioner also relies on the fact that the Form W-2P he received from the City of New York does not show any amount in box 3 which is entitled "Taxable Amount of Annuity, Pension, or Retried Pay." However, the fact that the City of New York did not place the sum of $8,709 in the correct box on petitioner's *201 Form W-2P cannot bind the Federal Government or this Court with respect to the correct tax treatment of that amount under the Internal Revenue Code. In summary, we conclude that none of the disability retirement payment received by petitioner in 1978 is excludable from income under section 104(a)(1) or 105(d). Accordingly, Decision will be entered under Rule 155.
Footnotes
1. Sec. 105(d)(2) provides that the exclusion under sec. 105(d)(1) is limited to a rate of $100 per week. Consequently, even if we found that sec. 105(d)(1)↩ applied to the present case, the exclusion thereunder would be limited to $5,200 for 1978.
2. Sec. 105(d)↩ was repealed as to the taxable years beginning after Dec. 31, 1983. Affected individuals are made eligible for the sec. 37, as amended, credit for elderly and disabled persons to the extent of disability income. See sec. 122, Social Security Amendments of 1983, Pub. L. 98-21, 97 Stat. 85.