**ALLEN et al. v. SPENCER et al.**
**No. 11837.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 8, 1954.
Decided Feb. 4, 1954.

---

Mr. Irving Wilner, Washington, D. C., with whom Messrs. Keith L. Seegmiller and Ray R. Murdock, Washington, D. C., were on the brief, for appellants.

Mr. Milton D. Korman, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, were on the brief, for appellees.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

The question is whether the District Court erred in denying mandatory relief to require the Commissioners of the District of Columbia to (1) reconsider the retirements of plaintiffs, appellants, as members respectively of the District Police and Fire Departments, and (2) substitute for their existing retirement orders new ones consistent with the facts and law as might appear upon such reconsideration.

On various dates from 1931 to 1947 the Commissioners ordered the retirement of each appellant because of age and length of service,[1] some at their own request after passing the minimum age and length of service required for retirement, and others upon reaching the age when retirement becomes mandatory.[2] See §§ 4–507, 4–508, D.C.Code, 1951. Such retirement resulted in each receiving maximum retirement pay of fifty percent. None was retired because of physical disability, with the amount of pay depending upon the degree of disability, but in no case to exceed fifty percent. See § 4–507, D.C.Code.

The retirement pay appellants have received has been includible in their gross income for income tax purposes. In 1947, however, it was held in Frye v. United States, D.C.D.C., 72 F.Supp. 405, that pay received as a result of retirement for physical disability is exempt from Federal income tax under § 22(b) (5) of the Internal Revenue Code, 26 U.S.C.A. § 22(b) (5). This provision excludes from gross income amounts received "under workmen's compensation acts, as compensation for personal injuries or sickness". Thereafter the

---

1. There is an affidavit in the record to the effect that one of appellants was retired on the basis of permanent disability.

2. Prior to October, 1940, there was no provision for voluntary retirement.

Commissioners entered additional orders with respect to each appellant which recited that at the time of retirement he was suffering from physical disabilities incurred in the line of duty to such an extent that had he not been retired for age he would have been retired for physical disability so incurred. We held in Simms v. Commissioner of Internal Revenue, 90 U.S.App.D.C. 322, 196 F.2d 238, that a subsequent order of this character did not change the original retirement from one for age to one for disability and that accordingly the income tax benefits under the Frye decision were not available.

By the present suit appellants seek in effect to have the court require the Commissioners to set aside the original retirement orders and to issue new ones which, should they rest upon disability incurred in the line of duty, would be accompanied by the income tax benefits referred to in the Frye case.

We lay aside the question whether the Commissioners of their own initiative might take the action desired by appellants. The question is whether we should compel them to do so. It is contended that we should because the statute, § 4–510, D.C.Code, 1951, prescribes certain procedures in the granting of retirement orders which were not followed. These include a certification by the Board of Police and Fire Surgeons to the Retiring and Relief Board as to the physical condition of the one to be retired, consideration by the Retiring and Relief Board, submission of the Board's findings to the Commissioners, and the ensuing approval, disapproval, modification or remand by the Commissioners. But retirement for age and length of service, with maximum retirement pay, was ordered and each appellant accepted it. No objection on procedural or other grounds was made. During the intervening years each appellant actually has had a retired status with pay. Any statutory procedures not followed must be deemed to have been waived, insofar as the courts are concerned. The courts may not now require the Commissioners against their will to undo what has been done and accepted for so long without objection. See United States v. Tucker Truck Lines, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54; Wilson v. Union Electric Light & Power Co., 8 Cir., 59 F.2d 580, 583. See, also, Monumental Motor Tours, Inc., v. United States, D.C.D.Md., 110 F.Supp. 929, 932; Kenny v. United States, D.C. D.N.J., 103 F.Supp. 971, 978.

Affirmed.