**James E. and Loretta DOOGAN,
Plaintiffs,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. No. 3610.**

United States District Court
S. D. Ohio, W. D.

July 2, 1957.

Strauss, Troy & Ruehlmann, Cincinnati, Ohio, for plaintiffs.

Hugh K. Martin, U. S. Atty., Southern Dist. of Ohio, Columbus, Ohio, Richard H. Pennington, Asst. U. S. Atty. Southern Dist. of Ohio, Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

The Court having heard the evidence adduced at trial and carefully considered the briefs submitted on behalf of the plaintiffs and defendant does hereby find as follows:

Findings of Fact

1. The Plaintiffs, James E. and Loretta Doogan, are husband and wife, residing at 2625 Harrison Avenue, Cincinnati, 11, Hamilton County, Ohio, in the Southern District of Ohio, Western Division.

2. Plaintiff, James E. Doogan, filed income tax returns for the years 1948 and 1949, and Plaintiffs filed joint returns for the years 1950 and 1951 and 1952, and for all of said years have paid taxes on payments received by the Plaintiff, James E. Doogan, from the City of Cincinnati under a pension in the amount of $1,200 each year.

3. In March, 1918, Plaintiff became a member of the Cincinnati Fire Department and served as a member of said Cincinnati Fire Department for a period of 25 years ending in March of 1943.

4. On April 12, 1930, Plaintiff, James E. Doogan, injured his back while working as an employee of the said Cincinnati Fire Department when lifting a 500 pound fire hydrant from a truck.

5. As a result of the injuries sustained by the Plaintiff, the Plaintiff was off duty for 37¼ days.

6. Subsequently, Plaintiff returned to light duty. However, in the 1940's he had recurring attacks from injuries suffered in 1930, resulting in time lost.

7. On March 5, 1943, Plaintiff requested that he be retired due to length of service and physical disability. On the same date, plaintiff was examined by the physician for the Fire Department, Dr. J. E. T. Kennedy, who reported in writing on March 10, 1943, to the Chief of the Fire Department as follows:

"Examination, March 5, 1943, reveals the following:

"Recurrent injuries to the lumbar cartilage, resulting in severe pain across low back, extending down legs.

"These attacks, are increasing in frequency, resulting in time lost when he lifts or does strenuous work.

"With the prospect that this disability will be progressive, retirement from active duty is recommended."

8. Plaintiff was retired from duty as a fireman because of physical disability by the Director of Safety.

9. In the order of retirement, the Director of Safety certified that the Plaintiff, James E. Doogan, had served as a member of said Fire Department for a period of 25 years.

10. The Firemen's Retirement Board tendered to the Plaintiff a pension under Rule 36 of the Rules and Regulations of the Pension Board, but Plaintiff filed suit in Common Pleas Court to require payment under Rule 33 of said Rules and Regulations of the Pension Board.

11. The Court of Common Pleas specifically found that the Plaintiff was retired because of physical disability, and that he was entitled to a pension under Rule 33 of the Rules and Regulations of the Pension Board.

12. The pension received by the Plaintiff was paid to him because of his retirement from duty because of physical disability incurred in the line of duty.

II. Conclusions of Law

1. Plaintiff, James E. Doogan, could only be retired because of physical disability since there were no provisions under State or local law which enabled voluntary retirement.

2. Having been honorably retired because of physical disability, Plaintiff was entitled under the existing Rules and Regulations of the Firemen's Pension Fund to receive compensation under Rule 33.

3. The pension payments received by the Plaintiff were paid to the Plaintiff as a result of his retirement because of physical disability incurred in the line of duty.

4. The pension so paid to the Plaintiff, James E. Doogan, is not subject to taxation under the Internal Revenue Code of 1939, since it is excluded under the terms of Section 22(b) (5), 26 U.S. C.A. § 22(b) (5).

5. Plaintiffs are entitled to a refund for taxes erroneously paid during the years 1948 through 1952 on the amounts of the pensions included by them in their tax returns in the said years.