JUAN ENRIQUE SOLTERO PERALTA, demandante y recurrente, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y recurrido.

*Número:* 12733     *Resuelto:* 14 de septiembre de 1962

El recurrente compareció por derecho propio; *J. B. Fernández
Badillo, Procurador General, Genoveva R. de Carrera, Pro-
curador General Auxiliar*, y *Juan E. Faría, Procurador
General Auxiliar,* abogados del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández
y los Jueces Asociados Señores Blanco Lugo y Dávila.

28

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

En 5 de septiembre de 1958(¹) el apelante Juan E. Soltero Peralta interpuso recurso de apelación parcial impugnando el pronunciamiento incluído en la sentencia dictada por el tribunal de instancia que consideró como ingreso sujeto a tributación el importe de la pensión mensual concedídale por la Universidad de Puerto Rico al retirarse de la cátedra por incapacidad física después de haber prestado quince años de servicios. En el escrito presentado, el apelante adujo que "es cuestión esencial, de carácter constitucional, el que no puede imponerse contribución sobre ingresos, a un pago compensatorio resultante de la incapacidad, que como cuestión de realidad no es un ingreso." ■

Como podrá observarse, este recurso no plantea una cuestión constitucional sustancial (Sección 14 de la Ley de la Judicatura, según enmendada por la Ley Núm. 115 de 26 de junio de 1958, 4 L.P.R.A. (Supl. 1961), pág. 221; Regla 53.2 de las de Procedimiento Civil de 1958) que nos permita el ejercicio de nuestra jurisdicción en apelación. *Fuentes* v. *Srio. de Hacienda,* 85 D.P.R. 492 (1962). Según se expresó en *Godreau* v. *Godreau,* 296 F.2d 326 (1961), no basta involucrar una supuesta cuestión constitucional cuando lo que se plantea, una vez diluido propiamente, se limita a levantar que se incurrió en error, pues "el mero error no plantea una cuestión constitucional." Ahora bien, conforme al inciso (f) de la sección 14 de la Ley de la Judicatura, según enmendada por la Ley Núm. 115 de 26 de junio de 1958, *supra,* consideraremos el presente recurso como uno de revisión y resolveremos el planteamiento indicado en sus méritos. ■

De conformidad con las disposiciones de la sección 7 de la Ley Núm. 135 de 7 de mayo de 1942, 18 L.P.R.A. sec.

---

(¹) La Ley Núm. 115 de 26 de junio de 1958, que enmendó la Sec. 14 de la Ley de la Judicatura, comenzó a regir el día 31 de julio siguiente. *Bermúdez* v. *Ortiz,* 80 D.P.R. 707 (1958).

638, el Consejo Superior de Enseñanza aprobó una resolución en 28 de noviembre de 1950 (²) estableciendo un sistema de retiro para el personal de la Universidad de Puerto Rico. Bajo sus disposiciones una persona cubierta por el mismo podía retirarse en los siguientes casos:

1—Retiro obligatorio—(Art. 5, sección 14) :— al cumplir 65 años de edad, a menos que se le extendiera el servicio por períodos anuales, pero en ningún caso, después de haber cumplido 70 años.

2—Retiro opcional—(Art. 5, sección 13)— a) al cumplir 55 años de edad siempre que se hubieren prestado 25 años de servicio, y, b) al cumplir 58 años de edad, siempre que hubieren prestado 10 años de servicios.

3—Retiro diferido— (Art. 6, sec. 15) :— cualquier participante menor de 58 años que hubiere prestado 10 años de servicios puede acogerse al retiro para comenzar a recibir la pensión correspondiente al arribar a dicha edad.

4—Retiro por incapacidad física o mental—(Art. 9, sección 24) :— cualquier persona menor de 58 años que hubiere prestado 15 años de servicios (³) puede acogerse al retiro previa comprobación de su incapacidad física o mental para continuar en el desempeño del cargo.

Al contribuyente, quien fuera Catedrático Asociado de Economía de la Facultad de Ciencias Sociales de la Universidad de Puerto Rico, le fue concedida una pensión "por incapacidad física" de $1,650.81 anuales, después de haber

---

(²) En 21 de febrero de 1945 se había establecido un sistema similar que fue expresamente derogado por la resolución de 28 de noviembre de 1950. Esta última resolución dispuso que el sistema en ella establecido comenzaría a regir en 1 de julio de 1949—sección 3—, y por tanto, es la que cubre el caso del recurrente a quien se le concedió pensión en 29 de julio de 1950.

El plan de retiro establecido en 1950 ha sido subsiguientemente enmendado por el Consejo Superior de Enseñanza en sus reuniones de 6 de junio de 1951, 11 de septiembre de 1951 y 3 de junio de 1954.

(³) En la actualidad solamente se requiere la previa prestación de 10 años de servicio para poder acogerse al retiro por incapacidad física o mental.

prestado quince años de servicios. El Secretario de Hacienda incluyó las anualidades recibidas durante los años 1951 a 1954, ambos inclusive, en el ingreso tributable del recurrente.

La sección 15(b)(6) de la Ley de Contribución sobre Ingresos de 1924, 13 L.P.R.A. sec. 694(b)(6), dispone que el término ingreso bruto no incluye "(1)as cantidades recibidas, mediante seguro contra enfermedad o accidente de acuerdo con las leyes de compensaciones a obreros, como compensación por lesiones personales o enfermedad . . ." Una disposición similar contiene la ley de 1954 en la sección 22(b)(5), 13 L.P.R.A. (Supl.) sec. 3022, de forma que se impone una solución idéntica para todos los años contributivos envueltos en este litigio.(⁴) ▪

En términos generales puede afirmarse que los pagos hechos como compensación por servicios ya prestados constituyen ingreso sujeto a tributación, *Flax v. Tesorero*, 76 D.P.R. 390, 393 (1954). Así, la pensión concedida a un empleado en consideración y reconocimiento a un prolongado período de servicios prestados al Estado constituye compensación por tales servicios y debe incluirse como parte del ingreso del contribuyente, *Emmanuelli v. Sec. de Hacienda*, 76 D.P.R. 950 (1954); cfr. *Tes. v. Tribl. Contribuciones y Vda. Oben*, 70 D.P.R. 493 (1949), aun cuando tal pensión haya sido concedida por una ley especial, *Tesorero v. Tribl. Contribuciones y Franco*, 73 D.P.R. 890 (1952). Cobra gran importancia determinar por tanto si las anualidades recibidas por concepto de retiro responden, entre otros factores, a la prestación de servicios durante determinado período. ▪

Ahora bien, cuando la pensión por retiro obedece *exclusivamente* a una incapacidad física o mental derivada o conectada con las funciones del empleo, las cantidades reci-

(⁴) El artículo 70 del Reglamento de la Ley de 1924 y la sección 141(a)(1)–1(b) del Reglamento de la Ley de 1954, 13 R.&R.P.R. Sec. 3141(a)(1)–1(b) no arrojan ninguna luz sobre el problema que consideramos.

bidas por tal concepto no son incluibles en el ingreso bruto por considerarse que participan de la naturaleza de indemnizaciones a obreros. *Frye* v. *United States*, 72 F. Supp. 405 (D.C. D.C. 1947) es el punto de partida para la regla enunciada, pero como se advierte en la opinión emitida, la cuestión en último análisis, depende de la redacción del estatuto en cuestión.([5]) Véanse además, *Doogan* v. *United States* 154 F. Supp. 703 (Ohio, 1957); *Riley* v. *United States*, 156 F. Supp. 751 (Ct. Cl. 1957); *William L. Neill*, 17 T.C. 1015 (1951); I.T. 3917, CB 1948-2. pág. 10; I.T. 3877, CB 1947-2, pág. 15; I.T. 3281, CB 1939-1, pág. 97; Mertens, *Law of Federal Income Taxation*, vol. 1, sec. 7.20, pág. 57. Cuando para obtener el retiro se requiere la prestación de determinado período de servicios—aunque menor si se trata de que concurre una incapacidad—, se aplica la regla general y las anualidades recibidas son tributables, *Waller* v. *United*

---

([5]) La sección del plan relativo al retiro por incapacidad física o mental, en su parte pertinente, lee como sigue:

*"Anualidad por Incapacidad.* En caso de incapacidad total y permanente *originada por cualquier causa*, que ocurra antes del empleado cumplir 58 años de edad, todo miembro que tenga por lo menos 15 años completos de servicio y que se encuentre mental o físicamente incapacitado para cumplir con sus deberes tendrá derecho a una anualidad de retiro por incapacidad. . .

Se considerará que un miembro está física o mentalmente incapacitado y tiene derecho a una anualidad de retiro por incapacidad al comprobarse mediante examen facultativo realizado por un médico o médicos designados por la Junta que tal miembro no puede, debido a la incapacidad, desempeñar debidamente los deberes de su cargo en la Universidad.

. . . . . . . .

En todo caso la anualidad por incapacidad se reducirá por cualquier suma que reciba el miembro acogido al retiro por concepto de compensación bajo cualquier ley de indemnizaciones por accidentes de trabajo."

Como indica una simple lectura, se provee para una pensión por incapacidad "por cualquier causa", sea ésta de índole ocupacional o no. La disposición sobre la reducción de la pensión o anualidad por cualquier suma que se adjudique al pensionado por concepto de compensación por accidentes del trabajo es cónsona con la anterior que permite el retiro por cualquier causa, y no tiene la importancia que el apelante le atribuye de convertir la pensión *en todos los casos* en una anualidad por incapacidad ocupacional. En la misma forma se proveyó para el caso de que el empleado recibiera pagos por incapacidad bajo la Ley de Seguro Social.

32

*States*, 180 F.2d 194 (D.C. 1950); *Allen* v. *Spencer*, 214 F.2d 205 (D.C. 1954); *Gerald W. McDonald*, 33 T.C. 540 (1959); *Marshall Sherman Scarce*, 17 T.C. 830 (1951); *Joseph B. Simms*, 17 T.C. 1 (1951); *Elmer D. Pangburn*, 13 T.C. 169 (1949); Rev. Reg. 269, CB 1958-2, pág. 16; I.T. 3760, CB 1945-1, pág. 54; I.T. 3428, CB 1940-2, pág. 60. ▪

Como se observará, la pensión que se concede bajo el plan de retiro de personal universitario y que se denomina "por incapacidad física o mental" requiere para su concesión que el empleado haya prestado servicios a la institución por un período no menor de 15 años. Es decir, que no basta que la incapacidad ocurra mientras se está en servicio, sino que debe concurrir también el requisito de prestación mínima de años de servicio. En este sentido, no es más que un retiro anticipado por años de servicios. El peticionario hubiese podido retirarse con solo 10 años de servicios si hubiese tenido 58 años de edad, pero como precisamente no había arribado a dicha edad, se le permite acogerse al mismo "por incapacidad" previa la prestación de 15 años de servicios. En los casos citados precedentemente en que se sostuvo que la pensión recibida no era incluible en la declaración individual de ingresos, la ley de retiro no requería la prestación de determinado número de años de servicios, sino únicamente que la incapacidad surgiera en el curso del empleo y como consecuencia de éste.(⁶)

_____

(⁶) Por vía de confrontación, véanse los artículos 9 y 10 de la Ley de Retiro del Personal del Gobierno, Núm. 447 de 15 de mayo de 1951, según enmendados, 3 L.P.R.A. (Supl. 1961) secs. 769 y 770, que versan sobre las anualidades por incapacidad ocupacional y no ocupacional. Para la concesión de la pensión en el caso de la incapacidad ocupacional solamente se exige que ésta "se origine por causa del empleo y surja en el curso del mismo;" si se trata de incapacidad no ocupacional se requiere que el participante tenga 10 años de servicios acreditables.

Véase, además, el artículo 6 de la Ley Núm. 12 de 19 de octubre de 1954, 4 L.P.R.A. (Supl. 1961) sec. 238, que trata de la pensión por incapacidad en el Sistema de Retiro para la Judicatura, y que requiere la acreditación de por lo menos 10 años de servicios previos.

Además, tampoco se estableció por el apelante que su incapacidad fuera de origen ocupacional. En el curso de una discusión ante el tribunal de instancia, el contribuyente afirmó que "me inutilicé subiendo escaleras, bajando escaleras, estando parado mucho tiempo, se me crean unas hemorragias y estuve como año y medio en tratamiento", pero no se ofreció prueba alguna al efecto. De todas formas, en vista de que se requiere la prestación de determinado período de servicios en adición a la incapacidad para continuar en el empleo, este hecho carece de importancia práctica.

No incurrió en error el tribunal recurrido al resolver que las anualidades recibidas por el recurrente son incluibles en su ingreso bruto. *Se anulará el auto expedido y se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 20 de junio de 1958.*